### PATTON v. W. M. RITTER LUMBER COMPANY.

(Filed 20 December, 1911.)

**1. Master and Servant—Injuries to Servant—Negligence—Method of Work.**

　　Defendant's mill sawed cross-ties, which were run out on rollers, from which they fell to a dock a few feet lower, and then dropped 12 or 18 feet to the ground below, where they were loaded on cars. Plaintiff, a foreman in charge of a loading gang, went to the dock to prevent the ties being thrown on his men while a train was being loaded, and asked one of the laborers if any more ties were coming out, and was informed that there would be no more for about thirty minutes. Plaintiff then motioned to his hands to load the ties onto the car, when another tie was rolled out of the mill, fell on the dock, struck plaintiff and seriously injured him. *Held,* that defendant was guilty of actionable negligence in failing to stop this movement of the ties while the car was being loaded.

**2. Master and Servant—Fellow-Servants—Negligence.**

　　The negligence of plaintiff's fellow-servant in informing him that no ties would come out of the mill for thirty minutes was not the cause of the injury, and was not material on the question of defendant's liability.

**3. Limitation of Actions—Effect of Limitation—What Law Governs.**

Since statutes of limitation affect the remedy and not the cause of an action, the statute of the place of the trial or *lex fori* governs.

**4. Appeal and Error—Variance—Exceptions.**

A variance between the pleadings and the proof will be disregarded, where no exception was taken thereto at the trial.

**5. Trial—Experts—Competency—Objections.**

Where a physician has been admitted and has testified as an expert, without objection, a question as to his competency as an expert may not thereafter be raised by a general objection to a proper question.

**6. Evidence—Mental Condition—Nonexperts.**

A person's mental condition may be shown by a nonexpert.

**7. Compromise and Settlement—Evidence—Receipt.**

Where a receipt is given by an injured employee to his employer, it is only *prima facie* evidence of a settlement, and may be shown to have been intended to apply only to compensation for lost time, and not to constitute an acquittance for the injuries.

APPEAL by defendant from *Lane, J.,* at Spring Term, 1911, of BURKE.

*L. C. Bell and Avery & Avery for appellant.* ·
*Spainhour & Mull and Avery & Ervin for appellee.*

CLARK, C. J. The plaintiff was injured in August, 1907, while acting as foreman of a squad of hands who were loading cross-ties on a car on defendant's railway. The cross-ties were sawed by the defendant's mill, whence they were run out on rollers, from which they fell upon a dock a few feet lower; thence they were dropped 12 to 18 feet to the ground below, from which place they were loaded on the defendant's train. When the train came in, the plaintiff went upon the dock to prevent the ties being thrown down on his men while the train was being loaded. He asked one of the laborers if any more ties were coming out, who replied that there would be no more for about thirty minutes. The plaintiff then motioned his hands to get up the ties and load them on the car. About that time another tie was rolled out from the mill, which fell over on the dock, striking the plaintiff and seriously injuring him.

The motion for a nonsuit was properly refused. The evidence tended to show that the defendant was guilty of negligence in not furnishing the plaintiff a safe place to work, and it was properly submitted to the jury. It was negligence in the defendant to permit its mill to run out the cross-ties to fall upon the dock and thence 12 to 18 feet to the ground, while the plaintiff and his men were engaged in picking up the ties to place them on the car. It was incumbent upon the company to stop the ties from coming out while the plaintiff and his men were engaged in

loading them. The plaintiff was sent there with his men to load the car, and he had no control over the operations of the mill.

The negligence of the fellow-servant in informing the plaintiff that no ties would come out of the mill for one-half hour has no bearing upon the negligence of the defendant. At most, it could only have thrown light upon the question of contributory negligence, and in that aspect it tended to show that the plaintiff acted, not negligently, but prudently. It was therefore immaterial as to whether, under the law of West Virginia, the doctrine of liability for the negligence of a fellow-servant obtained or not.

The statute of limitations of West Virginia need not be considered, for such statutes affect the remedy, and not the cause of action. It follows that the statute of limitations of the place of trial—the *lex fori*—governs. 25 Cyc., 1018, 1020 (3). This action was begun within less than two years after injury was sustained.

It is true, the cause of action set out in the complaint differs in many of the circumstances from the proof, but variance between the pleadings and the proof will be disregarded when there is no exception made at the trial. In *Hendon v. R. R.,* 127 N. C., 114, this Court said: "If the cause had in fact been tried upon a substantially different aspect from that alleged in the complaint, the defendant, after acquiescing in such variance and making no objection to the issue submitted, cannot now be heard to make this objection to vitiate the trial. If necessary, the pleadings would be reformed, even after judgment, as authorized by Code, sec. 273, to conform to the facts proven."

As to the exception to the question asked Dr. Riddle, it was really not answered by him. But if it had been, and he had been admitted and had testified as an expert without objection, a question of his competency as an expert could not be raised by a general objection to a particular question thereafter. *Summerlin v. R. R.,* 133 N. C., 551; *Lumber Co. v. R. R.,* 151 N. C., 220.

The testimony of Patton as to plaintiff's mental condition was competent. It was not necessary to show that he was an expert. *Clary v. Clary,* 24 N. C., 78, and cases cited thereto in the Annotated Edition.

The jury found upon the evidence that the alleged receipt was intended to apply only to compensation for the lost time, and that the plaintiff did not give defendant an acquittance for the injuries received by him. The receipt is only *prima facie. Shaw v. Williams,* 100 N. C., 272; *Barbee v. Barbee,* 108 N. C., 584. This was a matter of fact for the jury, and has been determined by them. It is not necessary to consider the other exceptions.

No error.