L. A. HARRISON, ADMINISTRATOR, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 10 March, 1915.)

1. **Pleadings—Conflict of Laws—Demurrer—Trials—Questions for Jury.**
    Where the complaint alleges a cause of action under the laws of this State for the negligent killing of plaintiff's intestate by a railroad company, and that the act complained of was caused in an adjoining State, the issue that under the laws of that State no cause of action has been stated cannot be raised by demurrer *ore tenus;* and when the issue is raised by the answer, it is determined here in accordance with the practice of our courts.

2. **Same—Evidence.**
    Where a complaint alleges a cause of action for the negligent killing by a railroad company of the plaintiff's intestate, occurring in another State, and it is contended by the defendant that under the laws of that State there is insufficient evidence that its train struck and killed the deceased, the fact must be determined by the rules of evidence obtaining here.

3. **Same—Jurisdiction—Trials.**
    Where the complaint alleges a cause of action against a railroad company for the negligent killing of plaintiff's intestate occurring in another State, and the defendant pleads the law of that State in bar of recovery, the measure of duty owed by the defendant to the intestate and its liability for negligence must be determined according to the law of that State.

4. **Conflict of Laws—Decisions of Other States—Construction—Trials—Questions for Court.**
    While the laws of another State, when applicable to the controversy, are ordinarily to be determined by the jury when the evidence is conflicting, this rule does not obtain when the decisions of the courts of the

other State are alone introduced in evidence, upon the controverted matter, without objection, for then the interpretation of these decisions is exclusively a matter of law for the courts.

**5. Same—Trials—Instructions—Appeal and Error.**

Where the laws of Virginia are alone applicable in an action brought here against a railroad company for the negligent running upon and killing the plaintiff's intestate, and it appears that, from the interpretation of the decisions of that court introduced in evidence by consent, the plaintiff was a trespasser on the defendant's track at that time, to whom the defendant owed the duty only not to willfully injure him after discovering his helpless and perilous condition upon the track, a charge of the court to the jury, laying down different principles of law to govern the jury, is reversible error, though the instructions were correctly given according to the principles obtaining here.

**6. Conflict of Laws—Issues.**

An issue framed according to our own laws in an action brought here, but controlled by the laws of another jurisdiction, differing from ours, should be so framed as to be responsive under the laws of the other State.

APPEAL by defendant from *Bond, J.,* at November Term, 1914, of NORTHAMPTON.

Civil action tried upon these issues:

1. Was C. H. Harrison killed by the negligent running of the defendant's engine, as alleged in the complaint? Answer: "Yes."

2. Was there contributory negligence on his part? Answer: "Yes."

3. After said C. H. Harrison put himself in peril, might the killing have been avoided by the exercise of proper care and prudence on the part of the defendant company's engineer? Answer: "Yes."

4. What damage, if any, is plaintiff entitled to recover of defendant? Answer: "$1,000."

From the judgment rendered, defendant appealed.

*Peebles & Harris, Gay & Midyette for plaintiff.*
*W. A. Townes, F. S. Spruill, Mason, Worrell & Long for defendants.*

BROWN, J. The complaint alleges that plaintiff's intestate was killed by the negligence of defendant's engineer on the trestle crossing Fountain Creek in the State of Virginia; that the intestate was in a helpless condition on the track crossing the said creek; that a north-bound train was approaching and the engineer failed to keep a proper lookout, so that the engine ran against or over the intestate and killed him.

The defendant denied that its train struck or killed Harrison, and set up that the injury, if it occurred, was in the State of Virginia, and to be governed by the law of Virginia, and that if plaintiff's intestate was struck and killed, it was the result of his contributory negligence in trespassing upon the track of the defendant.

1. It is contended that under the laws of Virginia the complaint fails to state a cause of action, in that it fails to allege that the engineer actually discovered the defendant's condition and could have prevented the injury by the exercise of due care.

The complaint alleges a cause of action under the law of North Carolina, and the point that no cause of action is averred under the laws of Virginia cannot be raised by demurrer *ore tenus*. The law of Virginia is properly pleaded in the answer, and an issue is raised to be determined as issues of fact are determined under the practice of our courts.

2. For a similar reason, the contention that under the rulings of the courts of Virginia there is no sufficient evidence that the intestate was struck and killed by the train cannot be sustained. This fact must be determined by the rules of evidence obtaining in this State, and under our decisions there are circumstances in evidence which justified the court in submitting that disputed fact to the jury. *Henderson v. R. R.,* 159 N. C., 581; *Kyles v. R. R.,* 147 N. C., 394.

3. It being alleged in the complaint that the intestate was killed in the State of Virginia, and the law of that State being pleaded in bar of a recovery, it is well settled that the measure of duty the defendant owed to the intestate and the liability of the defendant for negligence must be determined according to the law of that State. *Hancock v. Tel. Co.,* 142 N. C., 163; *Harrill v. R. R.,* 132 N. C., 656.

When the law of another State is pleaded in bar of recovery, an issue of fact is raised to be determined generally by the jury. It is usual to prove the law of another State by introducing witnesses learned in the laws of that State, or their depositions. Where there is a conflict of opinion of such witnesses, it is for the jury to determine the matter as to whom they believe. But on this trial no witnesses as to the law of Virginia were introduced.

By consent, the decisions and opinions of the Court of Appeals, the court of last resort in the State of Virginia, were introduced in evidence and read to the court and jury. No other evidence as to the law of Virginia was introduced by either party.

When the statute law of another State is material to the decision of a controversy, and the statute is in evidence, it is for the court and not the jury to construe it. So when the decisions and opinions of the highest court of another State are in evidence, and constitute the only evidence, as in this case, of the law of another State, it is for the court and not the jury to interpret them.

Upon the same principle, where a deed or written contract is admitted in evidence it is for the court and not the jury to construe and expound its meaning. It is manifest from the form of the third issue and the charge of the court that the measure of duty the defendant owed the in-

testate and its liability for negligence was determined according to the law of this State and not according to the law of Virginia, as expounded by its highest Court.

The defendant excepted to several parts of the charge, the substance of which was that it was the duty of the engineer to keep a vigilant lookout ahead, and if he could by the exercise of reasonable care have seen the intestate in time to have stopped his train, it was negligence if he failed to do so.

That is a fair statement of our law, but it is not the law of Virginia, according to all the admitted evidence in this case. That evidence consisted of the following decisions of the Virginia Court of Appeals: *R. R. v. Joyner,* 92 Va., 354; *Tucker v. R. R.,* 92 Va., 549; *R. R. v. Wood,* 99 Va., 156; *R. R. v. Hall,* 103 Va., 778; *R. R. v. Farrow,* 106 Va., 137; *Hortenstine v. R. R.,* 102 Va., 914; *R. R. v. Bailey,* 110 Va., 833.

These decisions appear to be uniform and clear. They all establish the fact that the Virginia law differs from that of North Carolina in that no duty was owing to Harrison, a trespasser, to anticipate and watch out for him upon the track, and its sole duty was not to willfully injure him after his helpless condition and peril was discovered, and the burden of proof is on the plaintiff to establish that the engineer *did actually see him* in a helpless condition. We quote from some of them:

*R. R. v. Wood,* 99 Va., 156 (37 S. E., 846), above quoted, holds: "Ordinarily, the only duty a railroad company owes a trespasser on its premises is to do him no intentional or willful injury. It does not owe him the duty of caution and vigilance until it has such notice or reason to believe that he may be in danger, as would necessarily put a prudent man on the alert."

In *R. R. v. Farrows,* 106 Va., 137 (55 S. E., 569), the Court held: "A railroad company is not required to anticipate and make provision for trespassers upon its tracks; but after it has discovered a trespasser upon its tracks, it must exercise reasonable care to avoid doing him an injury, and if his danger be obvious and imminent, it must use all the means which are available for his protection, which are consistent with its higher duties to others. *R. R. v. Joyner,* 92 Va., 354 (23 S. E., 773)."

The sixth syllabus of this case is as follows: "When a licensee on a railroad track is killed by a moving car, the doctrine of the last clear chance had no application, it appearing that defendant's servant on the train did not see deceased, being engaged in the performance of a necessary duty which he could not neglect."

According to the law of Virginia, as expounded by its Court of Appeals, the intestate was a trespasser and wrongfully on the defendant's trestle. The defendant's engineer did not owe him the duty to keep a lookout for him. When the engineer has actual notice that a trespasser

168—25

is on the track and in danger, he then owes the duty of protection as far as possible consistent with his higher duty to passengers. *Tucker v. R. R.*, 92 Va., 156; *R. R. v. Joyner*, 92 Va., 354.

His Honor, therefore, erred in charging the jury.

The third issue is misleading to the jury, as the case is governed by the Virginia law and not ours, and it should be framed accordingly. .

New trial.