JENNIE HIPPS AND HUSBAND v. SOUTHERN RAILWAY COMPANY.

(Filed 21 May, 1919.)

**1. Common Law—Presumptions—Courts—Trials—Evidence.**

The laws of our sister State are applicable to the trial of a cause in our own courts when it arose there, with the presumption that the common law prevails in the absence of evidence to show otherwise.

**2. Carriers of Passengers—Waiting Rooms—Stations—Negligence—Heat.**

A common carrier of passengers is liable in damages for the sickness of a passenger caused by his having to wait for a late train, after having purchased his ticket therefor, in cold and inclement weather, in its waiting room, insufficiently heated, owing to the negligence of the carrier.

**3. Instructions—Expression of Opinion—Statutes—Negligence.**

A charge in a negligence case is not violative of our statute prohibiting the judge from expressing his opinion to the jury on the facts, because he instructs them that defendants may not always be punished for negligence, by reason of the use of the words "as in this case," when he further states, "if there is any injury," saying, in effect, that damages may not always be recovered for a personal injury.

**4. Same—Carriers of Passengers—Waiting Room—Heat—Stations.**

In an action to recover of the carrier damages alleged to have been caused a passenger by the negligent failure of the defendant to heat its waiting room in cold and inclement weather: *Held,* an expression in the charge, "was the negligent act of the defendant to furnish the heat the direct cause of the plaintiff's injury?" is not the judge's opinion upon the facts, forbidden by statute, when followed by the words, "if you find there was a negligent act"; and there is no merit to an exception to his statement that there was evidence to show the plaintiff suffered, when in fact there was such evidence.

**5. Instructions—Fragmentary Parts—Negligence—Expression of Opinion.**

In the plaintiff's action for damages arising from the defendant's negligent acts, the charge, construed as a whole, properly made the recovery to depend upon the establishment of the negligence alleged, and in this connection the judge said, "Was the failure of defendant's duty the cause of the plaintiff's sickness," etc., which is *held* not an expression of the judge's opinion upon the facts prohibited by our statute.

**6. Same—Separate Waiting Room—Stations—Statutes—Common Law.**

A charge of the court upon the duty of a common carrier to provide and sufficiently heat in cold and inclement weather its separate waiting rooms for white and colored people, under the provisions of our State, is immaterial and harmless, where the cause of action arose in another State, and the common law is presumed to be applicable if, in fact, the carrier had provided the separate waiting rooms at the station in question.

**7. Instructions—Appeal and Error—Favorable Charge.**

A charge of the court to the jury that is favorable to the appellant cannot be considered as reversible error.

APPEAL by defendant from *Harding, J.,* at the January Term, 1919, of CABARRUS.

This action was brought by the plaintiffs to recover damages alleged to have been suffered by the *feme* plaintiff on account of the negligence of the defendant in failing to have its waiting room at Wellford properly heated.

On 19 January, 1916, after having spent some weeks visiting relatives near Wellford, S. C., the *feme* plaintiff purchased tickets of the defendant at Wellford, S. C., for transportation to Concord, N. C. She offered evidence tending to prove that the weather was very cold, that she and her three children were brought to the station at Wellford, a distance of four miles, in a wagon; that she arrived there at about 2 p. m., intending to take train No. 12, which would carry her to Concord, N. C.; that train No. 12 was two hours or more late; that she and her children went into the waiting room. There was no fire there. They remained in this waiting room twenty or thirty minutes, and were taken into the operator's room, where there was a fire, and where she remained about thirty minutes until Mr. Hipp, her brother-in-law, had to leave so that he could get home before night; that when her brother-in-law left the room she took her children and left also, and went again into the waiting room where there was no fire, and where she had been before and found no fire; that she remained in this room until No. 12 came, some two hours later; that she then boarded the train and went to Concord, a distance of something like 80 or 100 miles, without ever getting warm, and that she was sick for about two weeks.

The plaintiff testified that she left the operator's room when her

brother-in-law started home because it was a small crowded place and there were four or five negroes in there. Also that the agent of the defendant was notified that there was no fire in the waiting room.

There was a verdict and judgment in favor of the plaintiff and defendant appealed, assigning as errors relied on:

1. That the court erred in stating to the jury "So it does not follow that every time a man is injured or a woman is injured (as in this case), if there is any injury, that he or she has the right to call on somebody to punish them for it," the exception being to the use of the words "as in this case."

2. That the court erred in charging the jury, "Was the negligent act of the defendant to furnish heat for the plaintiff at its railroad station at Wellford, S. C., if you find there was a negligent act, was that the direct and natural owing cause of the plaintiff's injury which she has alleged (and which there was evidence tending to show she has suffered)?"

3. That the court erred in charging the jury, "Was the failure down there the cause of her sickness, her ill health; did it bring it about? Or if it did not bring it about originally, did it accentuate or accelerate it or increase it or exaggerate it?"

4. That the court erred in charging the jury, "It was the duty of the railroad company to maintain separate waiting rooms, and if the railroad company permitted the white waiting room to be in such condition there from cold or otherwise so that it could not be occupied with reasonable safety, with reasonable comfort to its passengers, and by reason of that the plaintiff had to go out of that room and go into another room where there were colored men, that was negligence."

5. That the court erred in charging the jury, "If you find that the railroad company negligently failed to provide for her there so that she had to withdraw from that room and go into another room occupied by colored people, either as employees or passengers, then the court charges you, gentlemen of the jury, that would be negligence."

6. That the court erred in charging the jury, "If the plaintiff has failed to satisfy you that the negligence of the defendant was the proximate cause of the injury, then you would answer the issue 'No.'"

7. That the court erred in charging the jury, "She could recover the damages she has sustained, by reason of the (defendant's negligence), as the proximate cause, and for nothing else."

*Maness & Armfield attorneys for plaintiff.*
*L. T. Hartsell and Caldwell & Caldwell attorneys for defendant.*

ALLEN, J. The cause of action arose in the State of South Carolina and it must be tried under the laws prevailing in that jurisdiction

(*Harrison v. R. R.,* 168 N. C., 384), but as no evidence was introduced upon this question the presumption is that the common law is in force in that State.  *Hall v. R. R.,* 146 N. C., 351; *Carriage Co. v. Dowd,* 155 N. C., 316.

The principle of the common law pertinent to the facts in this record is stated in 10 C. J., 922, as follows: "It is the duty of the carrier to keep the station or waiting room reasonably safe, comfortable, and decent, and a passenger suffering injury by reason of being unable to sit therein when he desires, and it is proper for him so to do, may have damages for injuries suffered.  Thus the carrier may be liable for injuries suffered by a passenger by reason of the waiting room not being properly heated and ventilated, particularly where there is a statutory provision requiring it to be heated in cold and inclement weather, although such a statute does not relieve the carrier of its common-law duty so to do," and also in 4 R. C. L., 1074, "Though the subject of statutory enactment in some States, yet independent of such statutes, a carrier owes to its passengers, while that relation exists, the duty of providing reasonably safe stations, whether permanent or temporary, where they may await the arrival of trains, and it is also the duty of the carrier to keep its station or waiting rooms open, heated and lighted, for a reasonable time before and after the time advertised for the arrival and departure of trains, and it will be liable for any injury which is the proximate result of its breach of this duty."

Applying this principle to the facts not in dispute, his Honor might have instructed the jury that the defendant was negligent in any view of the evidence, as it is not controverted that the plaintiff had purchased a ticket from the defendant; that she was in its waiting room for more than two hours waiting for a delayed train; that it was very cold weather in January; that there was no fire in the waiting room, and her evidence that she suffered severely from cold is not contradicted, and if so, any error in the instruction in assignment 5 would be harmless, as would be any expression of opinion alleged in assignments 1, 2, and 3.  We do not, however, think there was any expression of opinion.

The use of the words "as in this case," pointed out in the first assignment, is followed by the words "if there is any injury," and when considered as a whole his Honor was simply applying to the case before him the principle that it did not follow that a party could recover damages, although injured.

In the second assignment the language, "was the negligent act of the defendant," would be an expression of opinion if it was not followed by the expression, "if you find there was a negligent act," and it was not error to say to the jury, "and which there is evidence tending to show she suffered," as the record fully sustains the statement.  *Lewis v. R. R.,* 132 N. C., 386.

The excerpt from the charge in assignment three follows immediately after the part of the charge copied in assignment two, and when read together is predicated on a finding by the jury of a failure of duty on the part of the defendant, and is free from objection.

The error complained of in the fourth assignment is that his Honor told the jury "it was the duty of the railroad company to maintain separate waiting rooms," and is upon the ground that the action is to be tried by the laws of South Carolina, and that there is no such common-law duty and no evidence of any duty imposed by statute in South Carolina.

By reference to the charge it will be seen that the statement of the duty was in reference to the law of this State, but in any event the charge is immaterial as the evidence of the plaintiff and defendant shows that the defendant maintained separate waiting rooms in South Carolina.

The charge in the sixth assignment is favorable to the defendant, and in the seventh is a part of the charge on damages, predicated upon a finding that the plaintiff was injured by the negligence of the defendant.

No error.