ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY *v.* NICHOLS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 268. Argued February 26, 1924.—Decided April 7, 1924.

A statute of New Mexico (Anno. Stats., 1915, § 1820) provides that, whenever any person shall die from an injury occasioned by negligence of the servants, etc. of a railroad company whilst running a train, the company "shall forfeit and pay for every person or passenger so dying" the fixed sum of $5,000.00, to be sued for and recovered by the husband in case of the death of a wife.

(a) *Held*, that the purpose is not to punish an offense against public justice, but to afford redress for a civil injury; and, therefore, enforcement of the right accruing from a death in New Mexico by an action in another State is not objectionable to the principle that one State will not enforce the penal laws of another. P. 350.

(b) The law of California (Code Civ. Proc., § 377) measures the damages for death by wrongful act by the pecuniary loss resulting to the surviving relative, while the above cited act of

New Mexico fixes the amount, in the class of cases covered, at $5,000.00. *Held,* that there is here no such difference of policy as should deny the aid of the state and federal courts in California to the enforcement of a cause of action arising under the New Mexico statute in New Mexico.  P. 352.

286 Fed. 1, affirmed.

CERTIORARI to a judgment of the Circuit Court of Appeals reversing a judgment of the District Court for the Railroad Company, and directing entry of judgment for the plaintiff, Nichols, in his action to recover damages for the death of his wife, alleged to have been caused by the company's negligence.  The action came into the District Court by removal from the Superior Court of California.

*Mr. Robert Brennan,* with whom *Mr. Edgar W. Camp* and *Mr. Gardiner Lathrop* were on the brief, for petitioner.

*Mr. Milton K. Young,* with whom *Mr. Lyndol L. Young* and *Mr. William K. Young* were on the brief, for respondent.

MR. JUSTICE MCKENNA delivered the opinion of the Court.

Action for personal injuries received by Nichols' wife while a passenger on a train of petitioner in New Mexico. The injuries resulted in death.  The action was brought in one of the Superior Courts of the State of California and removed on petition of petitioner to the United States District Court for the Southern District of California, Southern Division.

The amount sued for was $35,586.42, being composed of the elements of $15,000.00 for the loss of services and advice of the wife, $20,000.00 for the loss of her society, love and affection, and $586.42 for various specified services.

Judgment was rendered for petitioner, with costs. It was reversed by the Circuit Court of Appeals with directions to enter judgment for Nichols in the sum of $5,000.

The question of liability in some court petitioner does not contest. It contests only that the law of New Mexico upon which liability of petitioner was based is in conflict with the policy of the State of California expressed in the laws and decisions of the State. We therefore immediately encounter as an element for consideration the law of New Mexico. It is as follows: " Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employe whilst running, conducting or managing any locomotive, car, or train of cars, . . . the corporation . . . in whose employ any such officer, agent, servant, employe, engineer or driver, shall be at the time such injury was committed, . . . shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued [for] and recovered; First, by the husband . . ." Anno. Stats. 1915, § 1820.

The Circuit Court of Appeals sustained the law. Judge Ross, addressing himself to the contention that the law could not be enforced or administered in California or in a federal court sitting in California, and considering the ground of the contention to be that the law is penal, said, " But a penal law is one thing, and a statute intended to protect life and to impose a new and extraordinary civil liability upon those causing death, by subjecting them to private action for the pecuniary damages thereby resulting to the family of the deceased, is quite another. The latter is a question of general law." For this were adduced *Huntington* v. *Attrill*, 146 U. S. 657; *Dennick* v. *Railroad Co.*, 103 U. S. 11; *Texas & Pacific Ry. Co.* v. *Cox*, 145 U. S. 593.

The principle announced is contested and the application of the cases adduced to support it. The attack is

naturally directed against *Huntington* v. *Attrill* as it declares itself to be in submission and sequence to the other cases as well as the expression of independent reasoning and conclusion. The question there, as here, was upon the character of a statute having "aspects" of penalty. The statute was, however, excluded from the class of criminal laws which had their venue of commission and trial where committed, for it was decided to be, applying and quoting from *Dennick* v. *Railroad Co., supra,* "though a statutory remedy, a civil action to recover damages for a civil injury." And this because the Court decided that when a statute like the one passed on is involved in consideration, the question whether it is one "which in some aspects may be called penal, is a penal law in the international sense, so that it cannot be enforced in the courts of another State, depends upon the question whether its purpose is to punish an offence against the public justice of the State, or to afford a private remedy to a person injured by the wrongful act."

The reasoning of the Court is very complete with the pertinence of cases, and it has the supplement of a number of State rulings which the Circuit Court of Appeals has adduced.

The law of New Mexico is within the principle and description of those rulings, and of *Huntington* v. *Attrill.* It is in reparation of a private injury, not in punishment of "an offence against the public justice of the State." Its reparation is in a fixed amount, it is true, but it is in an amount that has been fixed by a consideration of the determining factors, they necessarily having a certain similarity in all cases. It was the legislative judgment, therefore, that the interests of the State would best be served by an exact definition of the measure of responsibility and relief when the circumstances were such as are represented in the law. It is not less reparative because so defined.

Against this conclusion an argument can be opposed and is opposed,—one not without strength and the support of cases. We are unable to yield to it. We repeat, we think the motive and effect of the law is not punishment in the sense of a penal law, but remuneration— " damages for a civil injury." And a peculiar injury— one resulting from death and its deprivations—deprivations difficult to estimate (and which the common law did not estimate in individual injury and redress), and, therefore, we think properly within the power of the State—its power to make provision for the controversies and rights that may grow out of the relations of its people.

The contention of petitioner is, as we understand it, not that damages in redress of death are opposed to the policy of California, but only when damages are given in a fixed amount as provided by the law of New Mexico, the Code of Civil Procedure of the State giving such damages only " as under all the circumstances of the case may be just," [1] therefore, confining the damages to compensation for pecuniary loss suffered by surviving relatives of the deceased. This may be conceded—there is nothing in the law of New Mexico that transcends the purpose. It does not preclude the recovery of damages—it only defines them, recognizing, as the Supreme Court of California has recognized, the incapability of precise accuracy being attained either by court or jury of the damages that may result from the death of a person to surviving relatives. (*Redfield* v. *Oakland C. S.*

---

[1] " Sec. 377. When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs · or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

*Ry. Co.,* 110 Cal. 277, 285. See also *Ryan v. North Alaska Salmon Co.,* 153 Cal. 438.)

We do not regard, therefore, the code of the State as expressing the policy of the State to be that the aid of its courts and of the federal courts sitting in the State are to be denied the power to enforce the redress given by the law of the State where the injury was inflicted, the law not being penal.

*Judgment affirmed.*

MR. JUSTICE MCREYNOLDS concurs in the result.