JOHN P. WISE, ADMINISTRATOR OF CLARA WISE, v. GRAHAM HOLLOWELL.

(Filed 11 October, 1933.)

1. **States A a—**

An action instituted in the courts of this State to recover for wrongful death resulting from an accident occurring in another State is governed by the laws of such other state relating to negligence and liability.

2. **Automobiles C j—Under Virginia law gratuitous guest may not recover against driver except for culpable negligence.**

Under the laws of Virginia a gratuitous guest in an automobile may not recover damages from the driver for negligent injury unless the injury is the result of the driver's culpable negligence, and the law of Virginia governs an action instituted here involving liability of a driver for damages resulting from an accident occurring in Virginia.

3. **Automobiles C n—Culpable negligence is not the same as criminal negligence.**

In an action involving the issue of wanton or culpable negligence, defendant's exception to the trial court's definition of "wanton" as implying reckless and criminal indifference to consequences and the rights of others, is not sustained, defendant having no reason to complain since an act may be culpable without being criminal.

4. **Same—Evidence of culpable negligence in driving held sufficient.**

Evidence tending to show that defendant drove his car along a beach at forty-five or fifty miles an hour, that there were small ridges, and soft places in the sand, and that pieces of wrecks were buried in the sand of which condition the driver had knowledge, and that he disregarded the repeated protests and requests of a guest in the car to slacken the speed of the car, and turned the car over and killed the guest when he attempted to swerve the car around an old wreck nearly buried in the sand, *is held* sufficient evidence of wanton and reckless driving to be submitted to the jury on the issue of culpable negligence.

5. **Same—Charge of court as to contributory negligence of guest held without error.**

In this action to recover for the wrongful death of plaintiff's intestate who was killed in a collision occurring in Virginia while intestate was a guest in defendant's car, the Virginia law requiring a showing of culpable

negligence on the part of defendant applied. The court instructed the jury on the question of intestate's contributory negligence that defendant must have knowingly and wantonly added to the risks which might ordinarily have been expected under the circumstances, in order for plaintiff to recover, and defined "knowingly" as "intentionally." *Held*, the charge does not contain reversible error on defendant's exceptions.

6. **States A a—In transitory actions lex loci governs substance of controversy and lex fori governs matters of procedure.**

In an action for wrongful death resulting from an accident occurring in another state the law of the state in which the accident took place governs as to all matters pertaining to the substance of the cause of action or which affects the rights of the parties, while matters relating to procedure are governed by the laws of the state wherein the action is brought, but the measure of damages affects a substantial right and is governed by the *lex loci*, and where the trial court has erroneously applied the measure of damages in accordance with our laws a new trial on the issue of damages will be awarded.

CONNOR, J., dissenting.

APPEAL by defendant from *Barnhill, J.*, at May-June Term, 1933, of DARE.

This is an action for the wrongful death of the plaintiff's intestate. The defendant owned a Chevrolet car in which on 10 July, 1932, at two-thirty in the afternoon he started with others on a trip from Nags Head to Ocean View, Virginia. In the front seat were the defendant, who drove the car, the defendant's wife, and John Hollowell, and in the rumble were Clara Wise, the deceased, and Ira Partridge. When the party reached the ocean beach the defendant, according to his own testimony, attained a speed of fifty or fifty-five miles an hour. Along the beach were ridges or hills described as camel backs; the sand between them was soft and the way was rough. When the car ran in the soft places it gave the defendant trouble. He testified, "There were high places and low places—something like going on a loop-de-loop up and down." In reference to his operation of the car, after saying that he drove it in the usual and customary manner of driving on the beach, he remarked: "Run her like I generally drive her. I don't fool when I get in her, but generally drive her like I want to; when I start out I generally let her go . . . I said they were built to drive and I drive them. I don't generally fool with one when I take hold of her." He admitted that the deceased had requested him several times not to drive so fast, and said that his speed was between forty and forty-five miles just before the accident.

There was evidence for the plaintiff tending to show that the death occurred at about four-thirty; that the car was running "right along the wash of the ocean where the soil was sticky and the sand was soft" at the rate of forty-five or fifty miles; that the deceased asked the de-

fendant two or three times to reduce the speed; that the car was "jumping up and down" and those in the rumble were "bouncing pretty nearly out of the car all the time"; that the beach was steep, in consequence of which one side of the car was higher than the other; that the car approached the remains of a wrecked vessel lying on the beach, a part buried in the sand and a part exposed to view; and that the defendant in attempting to turn the car to the left struck the wreck and caused the car to skid, overturn, and kill the intestate.

Mrs. Hollowell testified: "I don't know how fast Graham was driving as he got in the vicinity of the wreck. I know he was going fast. Protest was made to him about the speed the car was going. My sister, Clara, asked him to slow down three times. If he did slow down I could not tell it. She asked him to slow the speed of the car just a few minutes before the accident . . . it was loose sand; there were pebbles and gravels that made it soft. I do not know how close he got to the wreck before he made a turn to the left. He was right on it. The car turned over; after it righted itself it was further up the bank."

Referring to the accident the defendant testified: "I was looking on the road when I first saw the wreck; may not have been looking at it when I got close to it—when I saw the wreck I didn't have time to stop; when I first saw it I didn't have many minutes to think and I knew if I went around it that way I was going in the sea and I rapped her down so she would go by on the beach and she skidded. I must have been the length of the car from her when I saw her, and instead of going up, the sand slid me and she. hit. . . . The wreck was there the last time I drove it; had been there ten or twelve years . . . I knew there were wrecks all along there. I had seen this particular wreck before but had never taken notice of it."

It was admitted that the plaintiff was a gratuitous passenger and that the accident and her death occurred in the State of Virginia.

The two issues submitted to the jury were answered in favor of the plaintiff:

1. Was the death of the plaintiff's intestate caused by the wanton or culpable negligence of the defendant?

2. If so, what damage, if any, is the plaintiff entitled to recover?

Judgment for plaintiff; appeal by defendant.

*Thomas Creekmore and Murray Allen for appellant.*
*C. E. Bailey and M. B. Simpson for appellee.*

ADAMS, J. It is admitted that the accident and the death of the intestate occurred in the State of Virginia. The measure of the defendant's duty and the question of his liability for negligence must be de-

termined by the law of that State, for if the act complained of is insufficient to constitute a cause of action there it is likewise insufficient here. If under the *lex loci* there is a right of action, comity permits it to be prosecuted in another jurisdiction unless public policy forbids. This is conceded. Minor on Conflict of Laws, 479, sec. 194; Goodrich on Conflict of Laws, 199; *Howard v. Howard,* 200 N. C., 574; *Hipps v. R. R.,* 177 N. C., 472; *Harrison v. R. R.,* 168 N. C., 382; *Harrill v. R. R.,* 132 N. C., 655.

The deceased was riding gratuitously in the defendant's car for her own pleasure. With respect to liability for the death of a guest caused by the negligence of the driver of a motor vehicle under these circumstances, the Supreme Court of Appeals of Virginia has held that the plaintiff must establish a degree of negligence greater than might have been adequate had the deceased paid for her transportation. Specifically applying the principle the Court has used this language: "To hold that a guest who, for his own pleasure, is riding with his host, may recover from him for injuries suffered where there is no culpable negligence, shocks one's sense of justice. The driver is often not an expert and makes no implied representations beyond these, namely, that he will not knowingly or wantonly add to those perils which may ordinarily be expected and that there are no known defects in the car which make its operation particularly hazardous. Moreover, he should disclose to his guest any other peril not patent. Beyond this all risks are assumed. While automobiles in themselves may not be dangerous instrumentalities, yet their use carries with them dangers that cannot be forgotten." *Boggs v. Plybon,* 160 S. E., 77.

This case, which was approved in *Jones v. Massie,* 163 S. E., 63, enunciates the rule that it is incumbent upon the plaintiff in the present action to establish culpable negligence—that is, to show that the defendant knowingly or wantonly committed an act which added to the ordinary perils of the journey.

As provided by statute the defendant made the usual motions for nonsuit on the ground that the evidence does not warrant a finding of culpable negligence and that the deceased assumed the risk of the injury that caused her death.

It will be observed that the negligence embodied in the first issue is such as is "wanton or culpable." The trial court defined the word "wanton" as implying reckless and criminal indifference to consequences or to the rights of others; a spirit of mischief toward the occupants of the car; conduct which is culpable—a heedless indifference to the safety and rights of others.

An act is wanton when, being needless, it manifests no rightful purpose, but a reckless indifference to the interests of others; and it may

be culpable without being criminal. *Everett v. Receivers,* 121 N. C., 519; Black's Law Dictionary, 304, 1217. So, it is apparent that the defendant has no sound reason for complaining of the court's delimitation of the terms. It is clear, also, that there is evidence to sustain the finding that the defendant was culpably negligent.

An analysis of the defendant's testimony reveals a spirit of reckless disregard of the rights of the deceased. His indifference to consequences is manifest in his seemingly flippant description of his driving; in his refusal to heed the repeated protests of the deceased; in his approach to the projecting arm of the wrecked vessel over the camel backs at a speed of forty-five or fifty miles an hour, disregarding the final protest of the deceased, until he was within the length of his car from the place of the collision, though he knew the remnant of the boat had been there for a number of years; also in other respects reflected by the testimony of the witnesses. In reference to the assumption of risk the court instructed the jury in accordance with the *lex loci* that the plaintiff must prove by the greater weight of the evidence that the defendant knowingly or wantonly added to the risks which might ordinarily have been expected under the circumstances by a gratuitous passenger. The explanatory instruction that "knowingly" means intentionally meets the defendant's objection that known negligence is not equivalent to wanton negligence.

No exception points to reversible error on the first issue; but we think the defendant is entitled to a new trial on the issue as to damages.

In the trial of an action whatever relates merely to the remedy and constitutes a part of the procedure, is determined by the law of the forum; but whatever goes to the substance of the controversy and affects the rights of the parties is governed by the *lex loci. Pritchard v. Norton,* 106 U. S., 124, 27 L. Ed., 104; *Haws v. Cragie,* 49 N. C., 394; *Arrington v. Arrington,* 127 N. C., 190; *Patton v. Lumber Co.,* 171 N. C., 837. The weight of authority is in support of the rule that in an action for wrongful death, if the injury and death occurred outside the State in which the action is brought, the amount of the recovery is governed by the *lex loci* and not by the *lex fori. Northern Pacific R. Co. v. Babcock,* 154 U. S., 190, 38 L. Ed., 958; *Slater v. Mexican National R. Co.,* 194 U. S., 120, 48 L. Ed., 900; *Atchison, Topeka & S. F. R. Co. v. Nichols,* 264 U. S., 348, 68 L. Ed., 720; 17 C. J., 1324.

In the present case the jury awarded damages, under the instruction of the trial judge, in compliance with our statute (C. S., 161), which prescribes a fair and just compensation for the pecuniary injury resulting from death, as expounded by the decisions of this Court; but the Virginia statute differs from ours. It provides that the jury may award such damages as to it may seem fair and just, not exceeding a stated sum, and may direct in what proportion they may be distributed. Vir-

WISE v. HOLLOWELL.

ginia Code of 1930, sec. 5787. The measure of damages must be determined according to the statute of Virginia, as construed by the Supreme Court of Appeals.

Partial new trial.

CONNOR, J., dissenting: It is conceded that plaintiff cannot recover in this action unless the death of his intestate was caused by the wanton or culpable negligence of the defendant as alleged in the complaint.

Plaintiff was riding in defendant's automobile as his gratuitous guest, at the time she suffered her fatal injuries. Under the law of the State of Virginia, which determines the cause of action on which plaintiff seeks to recover, a gratuitous guest cannot recover of the driver of the automobile in which she is riding damages resulting from injuries caused by his negligence in operating the automobile, unless such negligence is wanton or culpable.

Culpable negligence has been defined by this Court as "such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences, or a heedless indifference to the safety and rights of others." *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

I do not think that there was any evidence of such negligence at the trial of this action, and for that reason I am of the opinion that there was error in the refusal of the trial court to dismiss this action by judgment as of nonsuit.

All the evidence showed that immediately before the accident which resulted in the death of plaintiff's intestate, the defendant was driving his automobile along the beach at a speed of from 40 to 50 miles per hour, and that this was the usual and customary speed at which automobiles were driven along the beach. Plaintiff's intestate, who was his sister-in-law, complained of the speed only because she was sitting in the "rumble" seat, and as the automobile passed over the camel backs, or ridges in the sand, she was thereby caused to bounce up and down. None of the other passengers complained of the speed. The evidence showed that it was necessary for the defendant to drive his automobile rapidly over the camel backs, because of the soft sand along the beach. I do not think that the evidence showed that the defendant was in any respect thoughtlessly disregardful of the consequences to the plaintiff's intestate, or was heedlessly indifferent to her comfort or safety. The accident occurred when the automobile struck the wreck which was embedded in the sand.

Conceding, however, that as the Court holds, there was evidence sufficient to support an affirmative answer to the first issue, I concur in the decision which results in a new trial of the issue involving the damages which plaintiff is entitled to recover of the defendant.