Civil action to recover damages for personal injury alleged to have been caused by the wrongful act, neglect or default of the defendant.
Following an automobile accident on 23 March, 1935, the plaintiff was taken to the Hamlet Hospital with a broken leg. Dr. W. D. James attended her, set the bones, placed her leg in a plaster cast, and she left the hospital on 2 April. Plaintiff returned for treatment once a week for four or five weeks thereafter.
On 26 February, 1936, the plaintiff had the bones of her leg refractured and reset at the North Carolina Orthopedic Hospital, Gastonia, N.C. Dr. W. M. Roberts, who performed this operation, testified for the plaintiff as follows: "I could not say that any physician had improperly treated her. . . . She had what we call a mal-union. I found this meal-union and corrected it. . . . I would not say that a physician had improperly set it and I would have no opinion as to whether it was properly set. . . . It is a rare thing that we get a perfect juncture of two bones. I won't say we don't strive for it, but if we do not get it it doesn't disturb us." The doctor further testified that the plaintiff had a slight natural bow in the other leg — not enough to call her bow-legged — and for this reason he did not try to get the injured one straight, and that her injured leg is just about as good now as the other one. She walks with a slight limp.
From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning error.
We agree with the trial court that if plaintiff's own expert witness cannot say she was improperly treated and has no opinion as to whether the broken bones were properly set, the evidence is not such as to require its submission to the jury. The case is not unlike Ferguson v. Glenn,201 N.C. 128, 159 S.E. 5.
Affirmed.