MAY MERRIMON DAVIS v. DR. WILLIAM E. WILMERDING.

(Filed 3 March, 1943.)

**1. Trial § 22a—**

On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence.

**2. Physicians and Surgeons §§ 15a, 15b, 15c—**

The law holds a physician or surgeon liable for an injury to his patient proximately resulting from a want of that degree of knowledge and skill ordinarily possessed by others of his profession, or for the omission to use reasonable care and diligence in the practice of his art, or for the failure to exercise his best judgment in the treatment of the case.

**3. Physicians and Surgeons' § 15c—**

A departure from approved methods in general use, if injurious to the patient, suffices to carry the case to the jury on the issue of negligence.

**4. Physicians and Surgeons § 15e—**

Where, in an action for damages against a physician, the plaintiff's evidence tended to show that defendant, in treating the broken arm of plaintiff, removed the cast once or twice a week and massaged the hand and arm, which was a departure from approved methods in general use, and after some months plaintiff's hand and arm were useless and an X-ray showed the wrist and hand out of alignment and the bone out of position, a motion for judgment of nonsuit was properly denied.

APPEAL by defendant from *Sink, J.,* at August Term, 1942, of BUN-COMBE.

Civil action to recover damages for alleged negligence on the part of the defendant in failing properly to treat the plaintiff after setting a broken bone in her right forearm.

On 15 November, 1940, the plaintiff fell and broke the large bone in her right forearm. The defendant, a physician and retired army officer living in Skyland, N. C., was called to treat her. He set the bone and put the arm and wrist on a board splint. Later he removed the board splint and used a metal cast, at the same time massaging the plaintiff's arm and hand. After that, the defendant saw the plaintiff once or

twice a week. Plaintiff says: "Each time he came he brought a tube or something and massaged my arm. He would take my arm out of the cast and massage it. He would not support the broken part of my arm while he was massaging it. . . . He held it with the fingers in one hand and rubbed my arm and hand with his other hand."

At the end of three months and ten days the plaintiff's hand was bent and drawn so she could not use it. Her fingers were rigid.

Finally, the defendant took the plaintiff to Dr. Cherry in Asheville, who examined her arm and took an X-ray. He found the wrist and hand out of alignment, the bone out of position. He testified that the displacement could have occurred when the physician removed the arm from the splint. There was further expert evidence to the effect that the manner in which the defendant massaged plaintiff's arm "was unusual" and not according to the general practice; also that "too frequent removal of a broken bone from the cast is bad practice. . . . I would not approve . . . twice a week"—Dr. Herbert.

Plaintiff then secured the services of another physician, who rebroke and reset her arm, with only partially satisfactory results.

The jury answered the issues of negligence and contributory negligence in favor of the plaintiff and assessed her damages at $600.00.

From judgment on the verdict, the defendant appeals, assigning as error the refusal of the court to dismiss the action as in case of nonsuit.

*Don C. Young for plaintiff, appellee.*
*Harkins, Van Winkle & Walton for defendant, appellant.*

STACY, C. J. The case is here on demurrer to the evidence. The appeal presents no other question.

The applicable principles of law are well settled:

First. On motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence. *Diamond v. Service Stores,* 211 N. C., 632, 191 S. E., 355.

Second. The law holds a physician or surgeon liable for an injury to his patient proximately resulting from a want of that degree of knowledge and skill ordinarily possessed by others of his profession, or for the omission to use reasonable care and diligence in the practice of his art, or for the failure to exercise his best judgment in the treatment of the case. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356.

Third. A departure from approved methods in general use, if injurious to the patient, suffices to carry the case to the jury on the issue of negligence. *Covington v. James,* 214 N. C., 71, 197 S. E., 701.

Viewing the evidence with that degree of liberality required on motion to nonsuit, the conclusion is reached that the permissible inferences are such as to make the issue of liability one for the twelve.

It appears that the removal of the cast once or twice a week and the massaging of plaintiff's hand and arm without any support under the broken part was unusual and a departure from approved methods in general use. The jury was warranted in concluding that this was injurious to the plaintiff.

It results, therefore, that the verdict and judgment must be upheld.

No error.