ERNEST BUCKNER, BY HIS NEXT FRIEND, CLYDE BUCKNER, V. DR. THOMAS WHEELDON.

(Filed 21 March, 1945.)

**1. Trial § 22a—**

On motion for judgment of nonsuit, the defendant's evidence, unless favorable to plaintiff, is not considered, except when not in conflict it may tend to make clear or explain that offered by plaintiff; and the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issue involved which may reasonably be deduced from the evidence.

**2. Courts § 13: Physicians and Surgeons § 15a—**

In an action for damages against a physician or surgeon for malpractice, the standard of the defendant's duty in the premises, as affecting his liability for negligence, must be determined by the law of the place where the tort was committed.

**3. Physicians and Surgeons §§ 15b, 15c—**

A physician or surgeon, who undertakes to treat a patient, implies that he possesses the degree of professional learning, skill and ability which others similarly situated ordinarily possess; that he will exercise reasonable care and diligence in the application of his knowledge and skill to the patient's care; and exercise his best judgment in the treatment of the case entrusted to him.

**4. Physicians and Surgeons § 15e: Negligence § 5—**

The liability of a physician or surgeon cannot be predicated alone upon unfavorable results of his treatment. He may be held liable only when the injurious result flows proximately from his want of that degree of knowledge and skill ordinarily possessed by others of his profession, or for the omission to exercise reasonable care and diligence in the application of his knowledge and skill in the treatment of his patient.

**5. Physicians and Surgeons § 15e—**

An inference of want of due care may be drawn from evidence tending to show that harmful foreign substances were introduced into a patient's body during a surgical operation and left there.

**6. Same—**

A departure, by a physician or surgeon, from approved methods in general use, if injurious to the patient, suffices to carry the case to the jury on the issue of negligence.

**7. Same—**

In an action for damages based upon the alleged negligent treatment of plaintiff's broken leg by defendant, an orthopedic surgeon, where plaintiff's evidence, tended to show that he was struck by a motor vehicle and thrown into a sandy ditch, the right leg below the knee suffering a compound comminuted fracture, the broken bones protruding through an open wound, that he was given temporary treatment and

placed within two days in a hospital under the care of defendant, who had specialized in such cases for many years, that defendant failed to sterilize or cleanse the open wound, immediately putting a closed cast on plaintiff's leg from toes to groin, that pus and sand came out of the top of the cast and out of the wound upon a hole being cut in the cast over same, such pus taking the "hide" off plaintiff's leg, and that upon consulting other physicians an operation resulted in the removal of pieces of bone from the leg, and that plaintiff suffered great pain from the first treatment and still suffers, there is sufficient evidence for the jury and allowance of motion for nonsuit was erroneous.

APPEAL by plaintiff from *Rousseau, J.,* at August Term, 1944, of YANCEY. Reversed.

This was an action for damages for injuries alleged to have resulted from negligent treatment of plaintiff's broken leg by the defendant, a physician and orthopedic surgeon.

Plaintiff alleged defendant failed to use reasonable care and diligence and failed to exercise his best judgment and skill in treating plaintiff's case, resulting in increased pain, a second operation and permanent injury. Defendant denied all allegations of negligence, and alleged that whatever injury plaintiff suffered was due to the force which broke his leg and not to any want of skill or failure to exercise proper care on the part of the defendant.

At the close of the evidence defendant's renewed motion for nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

*Watson & Fouts for plaintiff.*
*C. P. Randolph and Armistead W. Sapp for defendant.*

DEVIN, J. The only question presented to us is the propriety of the judgment of nonsuit entered by the court below. Was there sufficient evidence to carry the case to the jury?

The facts upon which the plaintiff contends he was entitled to go to the jury were substantially these:

On 17 January, 1942, the plaintiff, then 19 years of age, was residing at Toano, Virginia. While walking on the left side of the highway he was struck from behind by a motor vehicle and thrown into a sandy ditch. His right leg below the knee suffered a compound comminuted fracture, the broken bones extruding. He was picked up, temporary assistance given by Dr. Sneed, and he was placed in a hospital in Williamsburg, Virginia. On 19 January defendant Dr. Wheeldon was called in and took charge of the case. Dr. Wheeldon specializes in bone and joint surgery and has been in active practice and lecturing on orthopedics in College of William and Mary and University of Virginia for twenty-five years.

According to plaintiff's testimony, as a result of the accident there was an open wound in his lower leg with the broken bone protruding through the flesh, and that defendant Wheeldon did nothing to sterilize or cleanse the wound except to wipe off the blood, and then immediately put on a closed cast extending from plaintiff's toes to his groin. Thereafter gravel, sand and pus came out from the cast at the top at the groin. Eighteen days after the cast was put on, plaintiff's brother-in-law cut an opening in the cast over the wound, and pus and sand came from the opening. Later the defendant placed another cast on the leg and left a window in it for dressing. On 6 March plaintiff returned to his former home in Yancey County, North Carolina. There he consulted other physicians, and on 5 April Dr. Cherry performed an operation on his leg, removing pieces of bone. Plaintiff suffered great pain from the time defendant first undertook his case, and still suffers. On the back of the leg, where the pus ran along, it "took all the hide off." One leg is now an inch shorter than the other.

There was evidence from medical experts that the lack of attempt to disinfect and cleanse the wound and limb was improper treatment, and that it would not be proper to put a cast on a leg without sterilizing it; and that failure to sterilize an open wound with sand in it would tend to set up or increase infection.

There was evidence *contra* offered by defendant tending to show that the wound was properly cleaned and sterilized, and dressed and treated in the best approved manner. However, on a motion for judgment of nonsuit under the law in this jurisdiction the defendant's evidence, unless favorable to plaintiff, is not considered, except when not in conflict it may tend to make clear or explain that offered by plaintiff. *Gregory v. Ins. Co.,* 223 N. C., 124. Furthermore, on the motion to nonsuit, the plaintiff is entitled to the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence. *Davis v. Wilmerding,* 222 N. C., 639, 24 S. E. (2d), 337.

We note the fact that plaintiff's leg was broken, and the employment of defendant to treat it, as well as the services rendered in consequence, occurred in the State of Virginia. It follows therefore that in an action for damages for malpractice in the treatment of the fracture the standard of the defendant's duty in the premises as affecting his liability for negligence must be determined by the law of the place where the tort complained of was committed. *Howard v. Howard,* 200 N. C., 574, 158 S. E., 101; *Wise v. Hollowell,* 205 N. C., 286, 171 S. E., 82; *Farfour v. Fahad,* 214 N. C., 281, 199 S. E., 52.

Deduced from the decisions of the Court of last resort in Virginia, in the cases of *Hunter v. Burroughs,* 123 Va., 113, 96 S. E., 360; *Fox v. Mason,* 139 Va., 667, 124 S. E., 405; *Henley v. Mason,* 154 Va., 381,

153 S. E., 653; *Alexander v. Hill,* 174 Va., 248, 6 S. E. (2d), 661; *Reed v. Church,* 175 Va., 284, 8 S. E. (2d), 285, it would seem that one who practices the profession of physician and surgeon is bound to bestow upon the treatment of his patient such reasonable and ordinary skill and diligence as those practicing in the same general line ordinarily exercised in like cases; and that one who accepts employment as a specialist must not only possess that degree of skill and knowledge ordinarily possessed by those engaged in that specialty but must also exercise his best judgment in the application of his skill, and in the use of ordinary care. This degree of skill and care is to be exerted both in the performance of the operation and in the subsequent necessary treatment following. The physician or surgeon, however, is not an insurer of a cure, or even of beneficial results, nor is he held to the highest degree of care known to his profession. The mere fact that his treatment was not successful or was deleterious will not alone raise a presumption of negligence. He must exhibit only that degree of skill and diligence employed by the prudent practitioner in his field. The standard for the measurement of the skill exercised is to be shown largely by the testimony of experts. Where there is conflicting testimony of experts as to the standard of professional skill and care, as well as to the ultimate facts upon which the expert evidence is based, it presents a question to be considered by the jury. *Hunter v. Burroughs,* 123 Va., 113.

The principles thus announced are not in conflict with standards of professional conduct established by the decisions of this Court. Specifically it has been repeatedly held here that the physician or surgeon who undertakes to treat a patient implies that he possesses the degree of professional learning, skill and ability which others similarly situated ordinarily possess; that he will exercise reasonable care and diligence in the application of his knowledge and skill to the patient's care; and exert his best judgment in the treatment and care of the case entrusted to him. *Nash v. Royster,* 189 N. C., 408, 127 S. E., 356; *Covington v. Wyatt,* 196 N. C., 367, 145 S. E., 673; *Lippard v. Johnson,* 215 N. C., 384, 1 S. E. (2d), 889.

And in accordance with rules of general application the liability of a surgeon cannot be predicated alone upon unfavorable results of his treatment (*Ferguson v. Glenn,* 201 N. C., 128, 159 S. E., 5), and he may be held liable for an injury to his patient only when the injurious result flows proximately from want of that degree of knowledge and skill ordinarily possessed by others of his profession, or from the omission to exercise reasonable care and diligence in the application of his knowledge and skill to the treatment of his patient. *Davis v. Wilmerding,* 222 N. C., 639, 24 S. E. (2d), 337; *Groce v. Myers,* 224 N. C., 165. "A departure from approved methods in general use, if injurious

to the patient, suffices to carry the case to the jury on the issue of negligence. *Covington v. James,* 214 N. C., 71, 197 S. E., 701." *Davis v. Wilmerding, supra.* "It is required of a physician who has undertaken the care and treatment of a patient not only that he have a reasonable amount of the knowledge and skill he holds himself out to have, but that he use it in the treatment of the patient—make it available to the patient." *Groce v. Myers,* 224 N. C., 165 (171). And inferences of want of due care may be drawn from evidence tending to show that harmful foreign substances were introduced into a patient's body during surgical operations and left there. *Pendergraft v. Royster,* 203 N. C., 384, 166 S. E., 285; *Mitchell v. Saunders,* 219 N. C., 178, 13 S. E. (2d), 242.

Applying these principles of law, it is apparent that, while there was no evidence that defendant did not possess requisite knowledge and skill in his profession, the plaintiff has offered some evidence of negligence on the part of the defendant in respect to his failure to cleanse and sterilize the open wound before applying the closed cast. *Gower v. Davidian,* 212 N. C., 172, 192 S. E., 28.

But the defendant seeks to sustain the nonsuit on the ground that there was no substantial evidence that any negligence in this respect was the proximate cause of the result complained of. *Gower v. Davidian, supra; Smith v. Wharton,* 199 N. C., 246, 154 S. E., 12; *Boger v. Ader,* 222 N. C., 758, 23 S. E. (2d), 832; *Mitchem v. James,* 213 N. C., 673, 197 S. E., 127; *Reed v. Church, supra.*

While all the injurious results complained of may not be attributed to the negligence of the attending physician, if established (*Payne v. Stanton,* 211 N. C., 43, 188 S. E., 629), we think there is some evidence tending to show that suffering was aggravated, another operation necessitated, and the epidermis on plaintiff's leg removed as result of malignant infection set up or increased by defendant's want of due care as alleged.

While defendant's evidence traversed the allegations of fact, as well as the inferences and conclusions therefrom, upon which plaintiff's action was based, we think there was sufficient evidence to warrant submission of the case to the jury, and that the court below was in error in granting the motion for nonsuit.

Reversed.