## JOSIAH DAILEY v. THE STATE, USE, ETC.

1. SHERIFF. *Action on bond. Failure to return execution.*
   In a suit under sect. 225, Code of 1871, upon a sheriff's bond, to recover damages for a failure of duty in returning executions, where the sheriff seeks to escape liability upon the ground that the executions were void, the court should determine the validity of the executions, admitting such as are valid, and excluding such as are void, and not devolve upon the jury the duty of deciding upon their validity.

2. SAME. *Measure of recovery. Burden of proof as to insolvency of debtors.*
   In such case, where the default in the return of the executions has been established, the amounts of the judgments furnish, *primâ facie*, the measure of

recovery, and it devolves upon the defendant to show the insolvency of the execution-debtors.

3. EXECUTION. *Clerical errors. Erroneous dates.*
Clerical errors — as, erroneous dates, making the execution appear to have been issued before the judgment was rendered — do not render an execution void, and will not justify any neglect to serve it.

4. SAME. *Exceeding judgment.*
An execution is not void because issued for too large a sum.

5. SAME. *On void judgment.*
A sheriff is not liable in an action on his bond for failure to return an execution issued upon a void judgment.

6. SAME. *On no judgment.*
An execution issued without a judgment is void.

7. EVIDENCE. *Exemption. Presumption.*
In an action on a sheriff's bond for failure to return an execution, where his defence is that the execution-defendant had no property that could be levied upon, if such defendant states that he has no property liable to execution, but, on cross-examination, admits that he has one wagon worth $75, it is not incumbent upon the sheriff to prove that such execution-defendant lives in the country, or that, living in town, he selected this wagon; but the presumption, in the absence of all other proof, is, that the wagon is exempt.

ERROR to the Circuit Court of Tate County.

Hon. SAMUEL POWELL, Judge.

A statement of the case appears in the opinion of the court.

*T. W. White*, for the plaintiff in error.

1. The executions should have been excluded, upon the motion of the plaintiff in error. *Moore* v. *McClief*, 16 Ohio St. 50. Sect. 225, Code of 1871, expressly limits such actions to cases where such executions are legally issued. This must have been intended to cover cases of voidable and irregular executions. In two of the cases the judgments on which the executions were issued were void. For failure to return these the sheriff was not liable. Freem. on Ex. 103; *Cornell* v. *Bowers*, 7 Hill, 35. In one case there was no judgment at all. He is not liable for this execution. Freem. on Judg., sects. 46–55; Freem. on Ex., sects. 316, 368; *Hill* v. *Waite*, 5 Vt. 125. One execution is void because it was issued fifteen days after the return-day. *Harris* v. *West*, 25 Miss. 156; Freem. on Ex., sects. 100–103. One execution is void because

issued upon an impossible judgment, the date of the judgment being thirty days after the execution.

2. The plaintiff claims that these were clerical errors. The officer must be guided by the face of the execution. On their faces, these writs were not legally issued, and he was not bound to execute them. Herman on Ex. 202, sect. 146; Freem. on Ex., sect. 100; *Green* v. *Mitchell*, 31 Wis. 538. It was shown that Dilahunty was insolvent; and that Mary Potter had no property. Dilahunty's wagon was exempt, and the charge on that point was erroneous. Others of the defendants were insolvent. Very slight proof is sufficient to overcome the presumption that the sheriff is liable for the full amount of the judgment. *Green* v. *Mitchell*, *supra*.

3. The instruction leaving it to the jury to determine whether the executions were valid was erroneous; the court should have determined that question.

*Shands & Johnson*, for the defendant in error.

1. The charges to the effect that the burden of proof was on the defendant to show that the defendants in execution were insolvent, or be liable for the face of the executions, were correct. Sedgw. on Dam. 509; *Bank of Rome* v. *Curtis*, 1 Hill, 275; *Pardee* v. *Robinson*, 6 Hill, 550; *Dunphy* v. *Whipple*, 25 Mich. 10; *Humphrey* v. *Hathorn*, 24 Barb. 278; *Carpenter* v. *Doody*, 1 Hill, 465; *The Commonwealth* v. *Connor*, 18 Pa. St. 439; *Ledger* v. *Jones*, 3 Seld. 550; *Hootman* v. *Shriner*, 15 Ohio St. 45.

2. The court did not err in admitting in evidence the several judgments and executions offered by the plaintiff. That the executions were issued for larger amounts than the judgments, does not make them void. *Peck* v. *Tiffany*, 2 N. Y. 451; *Bacon* v. *Cropsy*, 7 N. Y. 195; *Harris* v. *Allcock*, 10 Gill & J. 226; *Brace* v. *Shaw*, 16 B. Mon. 43; *Avery* v. *Bowman*, 40 N. H. 453; *Stark* v. *Gildart*, 4 How. 467; 38 Cal. 372; 13 Ala. 282; 11 Humph. 189; 14 Md. 121; 2 Head, 568. An irregular execution is authority to sell. 2 B. Mon. 127; *Peaceful* v. *The Commonwealth*, 3 B. Mon. 347. The clerical errors

do not vitiate the executions. *Barker* v. *Planters'* *Bank*, 5 How. 566; *Sprott* v. *Reid*, 3 Iowa, 489.

3. The judgment of the court below is correct, considering the whole record in the case. The return of *nulla bona* by the sheriff, after return-day, is no evidence in his favor. *Rowland* v. *Gridley*, 1 How. 210. The instruction about the wagon is correct, under the statute. The ruling of this court has been uniformly, that when the case was tried below upon its merits, and a correct conclusion reached, it will not be reversed here, though errors may have been committed. *Germania Fire Ins. Co.* v. *Francis*, 52 Miss. 457; *Graham* v. *Fitts*, 53 Miss. 307. The verdict and judgment in the court below are *certainly* not *manifestly* wrong.

CHALMERS, J., delivered the opinion of the court.

This was a suit upon a sheriff's bond, under sect. 225 of the Code of 1871, to recover damages for a failure of duty in returning eight executions issued upon judgments rendered in a justice's court. One of the executions was never returned; the other seven were returned after the proper return-day.

The sheriff (defendant below, plaintiff here) sought to escape liability, upon the ground that the executions were void by reason of irregularities patent upon their faces, and because of the invalidity of the judgments upon which they were based, and upon the further ground that the defendants in execution were insolvent.

The alleged invalidities in the executions consisted of dates found in them which were manifestly erroneous, and in some cases absurd (as, for instance, the recitation in one of them of the rendition of a judgment at a date subsequent to issuance of the *fieri facias*), and the fact that in nearly every instance the executions commanded the sheriff to collect larger sums of money than the judgments upon which they had been issued. Neither of these irregularities protect the officer in his failure to levy and return them. No mere invalidities in the process will excuse a neglect to obey its command, upon the part of a

ministerial or executive officer.   Process which is voidable, but amendable, must be executed; that only which is absolutely void may be disregarded, because it will afford no protection to the officer acting under it.

It is sometimes said that the determination of whether the process is or is not amendable must be the test of whether the officer may safely disregard it, where irregularly issued; and if this test be applied in this case, it is evident that, under the sweeping provisions of our statute on the subject of amending process (sect. 712, Code 1871), the irregularities existing in the executions in question here would afford no sort of excuse for their non-return.

But, independent of the statute, there can be no difficulty in disposing of the point.   It was left to the jury, under the instructions of the court, — and properly so, as we think, — to say whether the conflicting and erroneous dates were or were not clerical misprisions in making out the *fieri faciases.* By their verdict they answered the question in the affirmative; and it is well settled that clerical errors do not render an execution void, and hence will not justify neglect to serve it. *Barker* v. *Planters' Bank*, 5 How. 566 ; *Doe ex dem. Starke* v. *Gildart*, 4 How. 267 ; *Sprott* v. *Reid*, 3 Iowa, 489 ; Freem. on Ex., sect. 103, and cases cited.

With regard to the amounts, as given in the *fieri faciases*, exceeding the sums for which the judgment had been rendered, it was shown to have occurred from the habit of the justice to omit his calculations of interest in entering his judgments, but to embrace them in issuing the executions.   Plaintiff only sought to hold the officer liable for the amounts of the judgments, and it is well settled that an execution is not void because issued for too large a sum.   *Avery* v. *Bowman*, 40 N. H. 453 ; *Brace* v. *Shaw*, 16 B. Mon. 82 ; *Jackson* v. *Walker*, 4 Wend. 462 ; *Miles* v. *Knott*, 12 Gill & J. 442 ; *Hunt* v. *Loucks*, 38 Cal. 372.

Three of the executions, however, were improperly admitted in evidence, — two because issued on void judgments, and

one because issued on no judgment at all. In the judgment against Blackburn, it is shown by the justice's docket that the summons was returnable on the 14th of July, 1873, and was served on the 2d of August, 1874, — that it was served seven months after the return-day. The judgment was by default. There is no evidence of any *alias* summons having been issued, nor was any such produced. So, too, the judgment against Mary Potter was returned without service of process, so far as appears, and the judgment was by default.

These two judgments, therefore, were shown to be void, and the *fieri faciases* based upon them should have been excluded from the jury. So, also, with regard to the execution against Anthony. In this instance there was no judgment rendered at all. Anthony appeared before the justice, and in writing, under oath, admitted himself indebted to plaintiff's intestate, and consented that judgment might be entered against him. The justice copied this writing on his docket, and thereupon issued an execution on it. There is nothing to indicate that a judgment was ever rendered. No action of the judicial mind is indicated in any way. There is a mere consent that a judgment may be rendered, but there is nothing to show that it was done.

The court erred in its charge with reference to the wagon owned by Dilahunty, one of the defendants in execution, which, it was claimed, was exempt property. Dilahunty stated that he had no property liable to execution. He then, in response to a cross-interrogatory, stated that he owned a wagon worth $75. One wagon is by law exempt to every householder living in the country, and personal property, to be selected by the debtor, not exceeding $250 in value, is exempt to every resident of a town. Code 1871, sects. 2131, 2140.

The court charged that the sheriff must show that Dilahunty lived in the country, or that, living in town, he had selected this wagon. This was wrong; because, the witness having stated that he had no property liable to execution, it must be

presumed, in the absence of further proof, that the wagon was so held as to be by law exempt; and, even if he lived in town, there could be no duty of selection unless he owned more personal property than was by law exempt. There can be no obligation to select until the limit of the law is exceeded. When, therefore, the witness stated that he owned nothing liable to execution, though he owned a wagon, the burden was upon plaintiffs to show that this wagon was liable.

The court properly charged the jury that, when the default in the return of the executions had been established, it devolved upon the defendant to show the insolvency of the debtors. The English rule is said to be otherwise, and it is there held to be necessary for the plaintiff to establish his damage by showing the solvency of the defendant in execution; but the law is quite well settled otherwise in this country, and it is here ruled that, *primâ facie,* the amount of the judgment or execution furnishes the measure of recovery. Sedgw. on Dam. 637 *et seq.* (side-p: 509), and cases cited.

The court seems, by the instructions, to have devolved upon the jury the determination of the validity of the judgments and *fieri faciases.* This should have been determined by the court, and such of them as were deemed absolutely void should have been excluded. Those which were merely irregular should have been admitted.

For the errors indicated, the judgment is reversed.