BANK OF HICKORY *v.* MAY, SHERIFF ET AL.

[80 South. 704, In Banc.]

LIMITATIONS OF ACTIONS. *Penal statute. Amercement of sheriff.*

A motion against a sheriff on his official bond under Code of 1906, section 4670 (Hemingway's Code, section 3087), for default in failing to return an execution, is a suit for a penalty on a penal statute and must be commenced within one year next after the offense was committed.

APPEAL from the chancery court of Newton county.

HON. LAMAR F. EASTERLING, Chancellor.

Motion by the Bank of Hickory against John A. May, Sheriff, and United States Fidelity and Guaranty Company. From a decree for defendants, complainant appeals.

The facts are fully stated in the opinion of the court.

Stevens, J., delivered the opinion of the court.

The appellant, Bank of Hickory, filed a motion in the chancery court against John A. May, sheriff of Newton county, and the United States Fidelity & Guaranty Company, surety, on his official bond, for judgment for the balance remaining unpaid on three executions, and also for all costs and five per cent. damages. The ground of the motion was the failure of the sheriff to return these three executions on the return day thereof. The motion is made under section 4670 of the Code of 1906 (section 3087, Hemingway's Code). This motion was not filed within one year after the default or offense occurred. The defendants in the court below, among other things, pleaded the one-year statute of limitations contained in section 3101, Code of 1906 (section 2465, Hemingway's Code). This section reads as follows:

"All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after."

This defense was sustained in the lower court, and a decree was entered in favor of the defendants, from which decree this appeal is prosecuted.

There was a further defense interposed in the lower court, but our decision on the one-year statute of limitations renders it unnecessary to consider it.

The appellant bank contends that this cause of action is not barred by the one-year statute of limitations because it was not a suit for a penalty or forfeiture on a penal statute. It relies principally for a reversal of this decree on the opinion of the court in the case of *Metzger* v. *Joseph,* 111 Miss. 385, 71 So. 645. This court held in that case that the dividend sought to be recovered under section 923, Code of 1906, is not such a penalty as is embraced within the terms of section

3101; that the object of section 923 "is to compel restitution of the very money unlawfully paid out under the guise of a dividend, and, so far as the interests of creditors is affected, is remedial and compensatory."

An examination of section 923 shows its object to be as above decided by the court, namely compensation to the creditors who were really entitled to this dividend wrongfully diverted from its true course. The opinion in the Metzger Case then quotes from the opinion of the United States supreme court in the case of *Huntington* v. *Attrill*, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, as follows:

"The test whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public, or a wrong to the individual."

One of the points of controversy in the Metzger Case was whether or not a court of equity would entertain a suit to enforce the so-called penalties under section 923 of the Code of 1906. The opinion of the court is mainly directed to this question, and in discussing it the opinion also quotes from the Attrill Case, supra, as follows:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American Constitution, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

The Metzger Case in considering the question of whether or not a court of equity would entertain a suit based upon section 923 of the Code of 1906, and the *Attrill Case, supra,* which was dealing with the question whether full faith and credit should be given the judgment of another state, were both dealing with penal

119 Miss.—16

statutes in the strict and primary sense. A penal statute in this sense, when reduced to the last analogy, means a criminal statute, and the penalty under it is the fine for the commission of the offense. This is clearly shown by the examination of the Attrill Case, and the opinion of that court quotes Chief Justice Marshall as saying:

"The courts of no country execute the penal laws of another."

In another place of the opinion in speaking of the meaning of the words "penal" and "penalty," the court says:

"Strictly and primarily, they denote punishment, whether corporal or pecuniary, imposed and enforced by the state, for a crime or offense against its laws."

In construing section 923 of the Code of 1906, it is further stated in the opinion of the court:

"So far as the interest of the bank in this case is concerned, the statute is remedial; its object is to authorize a recovery of the money actually disbursed in violation of the statute. It is compensation that the creditors seek; and, when once compensated, no matter from what source, the liability imposed is discharged."

In the strict and primary sense considered by the United States supreme court in the Attrill Case, section 4670 of the Code of 1906 is not a penal statute because it does not make the failure of the sheriff to return the execution a misdemeanor, subjecting him to a fine in the sum of the amount of the execution payable to the state. If this strict construction of what is a penal statute, or what constitutes a penalty or forfeiture, is to be followed, then section 3101 of the Code of 1906 would have no effect whatever. This section provides that suits for any penalty, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed and not after. This strict construction could merely relate

to the recovery of a fine for a misdemeanor where the informer or some one else was given the whole or a part of this fine. Penal suits and penalties under this statute of limitations were not meant to be given this strict construction. This court had repeatedly construed what is now section 4670 of the Code of 1906. To maintain an action under this section it is unnecessary that the plaintiff or complainant should have been actually damaged one cent. It is merely necessary to show that the sheriff failed to return the execution on the return day without a good excuse. When this is done the sheriff becomes liable regardless of actual damages for an arbitrary amount, a fixed sum, namely, the amount of the execution, together with five per cent. damages and all costs. It is also well to note that the preceding section (4669) makes it an offense for the sheriff to fail to execute and make due returns upon all process to him legally issued, subjecting him to a fine by the court not exceeding the sum of one hundred dollars, and further making him and the sureties on his bond liable in an action by the party aggrieved by such default for all damages sustained thereby, and also for all other penalties provided by law for such offenses. The amount to be recovered by a judgment creditor under this section, 4669, is limited to the actual damages sustained by him. *Dailey* v. *State,* 56 Miss. 475. In a suit by a judgment creditor under section 4669 he can only recover the actual damages sustained by him, but in a suit by him under section 4670 he need not prove any actual damages, but his recovery is fixed at an arbitrary sum, namely the amount of the execution. In other words, under section 4670 of the Code of 1906 the defaulting sheriff, for the violation of his duty, is made liable to the judgment creditor for a penalty in the nature of a punishment for the failure to perform his official duty. Section 4670 of the Code of 1906 has been a part of the statutory laws of the state of Mississippi for many years. It was a law in 1871,

section 227 of the Code of 1871. In construing this section of the Code of 1871, the court, through Judge CHALMERS, said:

"The penalty denounced against an officer for failing to return final process, by section 227 of the Code is strictly in the nature of a penalty to be inflicted upon him for neglect of duty, and, while it inures to the benefit of the plaintiff in execution, is in no manner dependent upon any actual damage sustained, as is well settled by the former adjudications of this court"— citing authorities.

The opinion then goes on to distinguish the case of *Dailey* v. *State, supra,* and says of the Dailey Case:

"In such a suit, of course, a recovery could be defeated by showing that, in point of fact, no damage had been sustained."

Again in the same opinion the court says:

"Whether the same rule should be applied to statutory motions for penalties, the recovery of which, as we have seen, depends in no manner upon the question of damage to the plaintiff, is left untouched by the authorities so far as we have found, except that the affirmative seems to have been assumed in *Moore* v. *McClief,* 16 Ohio St. 52."

Again: "It would seem, therefore, that he who seeks to make the officer liable for neglecting the writ should be required to show that there was authority for its issuance, especially where, without alleging or proving that he has been in any manner damnified, he invokes against the officer a statute so peremptory, so harsh, and so highly penal as the one under consideration." *Cox* v. *Ross,* 56 Miss. 481.

In the case of *Simms, Billups & Co.* v. *Quinn, Sheriff, et al.,* 58 Miss. 221, in construing this same statute, the court, on page 225, speaks of it as follows:.

"Those who propose to invoke against public officers the severe penalties of the statute upon which this motion is based must be very careful to do nothing

which directly or indirectly contributes to the omission of duty complained of."

The court again had under review this statute in the case of *Skinner* v. *Wilson,* 61 Miss. 90. On page 95 of the opinion the court said:

"Wherever, indeed, statutes of this character are found they are regarded as of a character so highly penal that very slight circumstances are held to exempt officers from their operation."

The opinion of this court in the three cases from which we have above quoted characterize this statute as a penal statute and a suit thereon as a suit for a penalty.

The opinions in these cases are able, and the decisions of the court in those cases, correct. While it is true that the one-year statute of limitations was not involved in those cases, the decisions of the court that this is a penal statute and the suit under it is a suit for a penalty, necessarily is decisive of the question that suits based upon this statute are governed by the one-year statute of limitations. Section 3101, Code of 1906.

In the case of *Therrell* v. *Ellis,* 83 Miss. 494, 35 So. 826, a suit filed for the statutory penalty for cutting trees under section 4411 *et seq.,* Code of 1892, the court held that it was a suit for the statutory penalty, and consequently must be brought within one year.

In the case of *McClenden* v. *Whitten et al.,* 95 Miss. 124, 48 So. 964, the court had under consideration section 4333 of the Code of 1906. The latter part of this section is as follows:

"If the clerk or sheriff shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars, besides the actual damages sustained."

The court in its opinion by Judge MAYES, in dealing with this part of the section, said:

"There is but one penalty provided by the statute, and that is for the recovery of the 'penal sum of twenty-

five dollars' for a failure to perform the duty required, and as to this 'penal sum' there can be no recovery after one year, because of section 3101; but not so as to the recovery of actual damages."

It therefore follows that a suit under section 4670 of the Code is a suit for a penalty, on a penal statute, and must be commenced within one year next after the offense was committed.

The decree of the lower court is affirmed.

*Affirmed.*