STATE TO USE OF ROGERS v. NEWTON et al.

(In Banc. Sept. 22, 1941.)

[3 So. (2d) 816. No. 34585.]

**E. L. Dent,** of Collins, and **Hannah, Simrall & Foote,** of Hattiesburg, for appellant.

**Butler & Snow,** of Jackson, for appellee, National Surety Corporation.

**W. U. Corley**, of Collins, for appellee.

618

**E. L. Dent,** of Collins, and **Hannah, Simrall & Foote,** of Hattiesburg, for appellant, in reply.

**Smith, C. J.,** delivered the opinion of the court.

This is an action by the use-appellant on the official bond of a county superintendent of education under Section 14, Chapter 255, Laws of 1936, on several pay certificates issued by the superintendent to school teachers and carriers in violation of that statute. So much of the statute as here applies is, as follows: "It shall be unlawful for any county superintendent of education to incur obligations payable out of the county school funds in excess of the amount of funds available for the support and maintenance of the public schools during the current fiscal year, or in excess of the amount of the budget estimates for the current fiscal year. And it shall be unlawful for any county superintendent of education to issue pay certificates to teachers, school carriers, or other persons, in excess of the amount of money received on account of the public schools for the current fiscal year or in excess of the budget estimates for the current fiscal year, and any certificate so issued shall be illegal and void; but the county superintendent shall be liable on his official bond to the holders of such certificates for the face value thereof. Any county superintendent of education who shall make contracts with teachers or school carriers in violation of the provisions of this act, or who shall incur indebtedness in operating the public schools in excess of the amount of funds made available for the support and

maintenance of the public schools for the fiscal year or in excess of the amount of the budget estimates for the fiscal year, or who shall issue pay certificates in excess of the amount of funds received on account of the public schools for the fiscal year or in excess of the amount of the budget estimates for the fiscal year, shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not to exceed five hundred dollars ($500.00), or by imprisonment in the county jail not to exceed six (6) months, or by both such fine and imprisonment within the discretion of the court.''

On a former appeal herein, National Surety Corporation et al. v. State for Use of Rogers, 189 Miss. 540, 198 So. 299, 302, one of the questions presented was whether Mrs. Rogers had the right to sue on the certificates. The appellant's contention there was that the liability imposed by the statute is a penalty and therefore the right to recover it is not assignable. The Court held that it is a penalty and not assignable under the general law, but that the statute itself confers the right upon any holder of such pay certificates to sue thereon. This liability imposed by the statute was there referred to five separate times as a ''penalty.'' On return of the case to the court below, the appellees plead the limitation of Section 2301, Code of 1930, which provides that: ''All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after.'' The Court, as it should have done, followed our former opinion and held that the liability here imposed on the superintendent to be a penalty and therefore, as more than a year had elapsed since the cause of action accrued, it was barred by limitation.

Leaving out of view the law of the case rule and expressing no opinion as to its applicability vel non here, the question presented is whether this Court should now depart from its holding on the former appeal herein and

hold this liability not to be a penalty. We shall assume, though the fact may be otherwise, that the words "penalty" and "forfeiture" are used in Section 2301, Code of 1930, as being synonymous and interchangeable.

In our opinion on the former appeal herein, to which we adhere, it was said that "this statute is highly penal." An examination of the statute discloses that this is in accord with the legislative intent. Its sanctions are designated as penalties in its title, which sets forth that its purpose, among other things, is "To regulate the expenditure of school funds in the several counties and separate school districts; to restrict the amount of such expenditures to amount of revenue available therefor; and to provide penalties for violations of the provisions of this act." Two penalties are imposed by Section 14 of the Act on county superintendents of education to punish them for, and to deter them from, violating the section: (1) Payment of the face value of pay certificates wrongfully issued; and (2) fine and imprisonment or both for the violation of any of the provisions of the section. That the first is not payable to the State, but to the holder of the certificate does not take it out of the penal category. Bank of Hickory v. May, 119 Miss. 239, 80 So. 704; 59 C. J. 11; 25 C. J. 1149, 1178. This fact is recognized by Section 2301 of the Code hereinbefore set out, which applies only to penalties and forfeitures payable to individuals. But, it is said that this provision of the statute is remedial and not penal. The title of the statute, in this connection, refers only to penalties and does not remotely indicate that any of its provisions are simply remedial. But that aside, a remedial statute is one that cures defects in, or enlarges or abridges the scope of, a former law. 1 Blackstone's Com. 86; 59 C. J. 1106; 25 R. C. L. 765. E. g., a statute that grants a theretofore nonexistent remedy for a wrong inflicted. Metzger et al. v. Joseph, 111 Miss. 385, 71 So. 645. A statute that makes a wrong-doer liable to the person wronged for a fixed sum without reference to the damage inflicted by the commission of the wrong

is penal. Bank of Hickory v. May, supra; Gulf & S. I. R. Company v. Laurel, etc., Co., 172 Miss. 630, 158 So. 778, 159 So. 838, 160 So. 564; O'Sullivan v. Felix, 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980; 25 C. J. 1178, sec. 72.

When tested by these rules, it will appear that this provision of Section 14, Chapter 255, Laws of 1936, is not remedial but imposes a penalty.

A county superintendent and his bondsmen are liable to school teachers and carriers for any injury inflicted on them by the superintendent's violating his official duties in employing them. Section 2889, Code of 1930. Section 14, Chapter 255, Laws of 1936, does not refer to this liability, and the remedy therefor is in no way affected thereby unless a pay certificate is issued to the wrongfully employed school teacher or carrier, the face amount of which covers the damage he has sustained, and the liability of the superintendent on this certificate is fixed at a sum certain without reference to the damage sustained by the one to whom the certificate was issued. The liability imposed is not for wrongfully employing a teacher or carrier, but for issuing to him a pay certificate without the issuance of which the statute imposes no liability on the superintendent to the teacher or carrier. Bearing in mind that the issuance of this certificate of itself inflicts no injury on the school teacher or carrier, it will readily be seen that the liability here imposed is for a fixed sum to be paid whether injury has been inflicted or not on the teacher or carrier by the issuance of the pay certificate, or on any holder thereof.

The judgment of the court below should be and is affirmed.

### DISSENTING OPINION.

**Griffith, J.,** delivered a dissenting opinion.

The rule is established, without dissent, that a penal statute is one which prescribes a punishment, pecuniary or otherwise, for a wrong to the public, while one which provides for the redress of an injury to an individual

is remedial. And the same statute may be both penal and remedial, that is to say, it may be penal in one part and remedial in another. And that is the sort of statute which we have here. But a statute which furnishes redress to an individual will nevertheless be penal if it allow recovery by a party not harmed by the unlawful act, or where a fixed sum is permitted without reasonable relation to the actual damage, or where an arbitrary amount is allowed in addition to the damage.

The majority opinion proceeds upon the contention that the issuance of the certificate did no harm to the teacher, wherefore to allow her or her assignee to recover the amount of the certificate would make the statute penal and not remedial. This, it seems to me, is too narrow a construction. By the same reasoning it would follow that, since a person who pays usury is actually harmed only to the extent that he paid more than the legal rate of interest, if allowed to recover all the interest paid, the statute so allowing would be penal and an action barred after one year; but this Court has repeatedly held that the one-year statute does not apply.

The statute in question is one among others which have been enacted in recent years in the endeavor to put counties, municipalities and other subdivisions of the state on a cash rather than a credit basis, in the ordinary administration of their affairs. For instance, under Section 5979, Code 1930, it is provided that "no warrant shall be issued or indebtedness incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or must be made, to pay such warrant or indebtedness." For years before the enactment of those statutes, it was no uncommon thing that the warrants or pay certificates of the various subdivisions of the state would, for want of seasonable payment, be peddled around everywhere seeking speculators in depreciated paper who, not knowing themselves what the paper was worth, would buy at whatever the present necessities of the holders would compel them to take, often

as low as fifty cents on the dollar, and the pay certificates and pay warrants of teachers were notoriously, and often pitifully, among those subjected to this evil.

The paramount purpose of the statute in question was to afford protection to teachers, as well as the holders of these pay certificates, and to remedy the condition in which they so often had found themselves. For several reasons it was not so easy, as in other cases of county or municipal obligations, to provide an effective and at the same time practicable plan in respect to contracts with, and the pay of, teachers. By far the most of the teachers, outside municipal districts, are without any reserved capital and must depend for their livelihood upon their monthly salaries, and that this be paid month by month. Their positions, as related the county superintendent of education, are such that they could scarcely be expected to question any statement made to them by him as to those things pertaining to the inside of his office with which, under the law, he is required to be familiar, and with which they had no reasonable means of becoming familiar.

Certainly it is the duty of a county superintendent to know the amount of the funds available for the support and maintenance of the public schools for the current fiscal year, and when the statute made it unlawful for him to incur obligations for the year in excess of such funds, the effect of the statute was that, when the superintendent made a contract with a teacher, such action amounted to a representation on his part to the teacher, and upon which she had the right to rely, that the contract was within the available funds and that the pay certificates issued under the contract would be valid for the full amount thereof. A teacher cannot receive pay without a contract or without a pay certificate issued thereunder. The possession of a contract to teach and the performance of the duties thereunder, entitles the teacher to the pay certificates.

When, therefore, the superintendent made the contract

carrying, as a legal result, the aforesaid representations by him and the teacher acted on it, as she had the right to do, it was but declaratory of a principle of the common law itself when the statute made the superintendent liable for the amount of the contract and the pay certificates which were merely evidentiary of the contract plus the performance thereof by the teacher. Had she been informed by the superintendent at the time the contract was made, as it was his duty to inform her, that the funds were insufficient, and that therefore the contract was illegal and that no valid pay certificate could be issued thereunder, the teacher could have declined and sought work where she would be paid, and presumably, when nothing to the contrary appears, at as high a rate as the tendered contract carried. To say, therefore, that the illegal issuance of the pay certificate did no harm, and that making the superintendent liable for the amount thereof is penal, is to look at only a part of the picture, is to adhere to the shadow not the substance, is too narrow a construction, and in my judgment results in a denial of simple justice, as well as an incorrect application of the true principles of the law. A common concomitant of unpaid obligations issued by counties, cities, and other subdivisions, is the repeated promise made to the holders that in a little while longer the obligation will be paid. They are besought to wait patiently, and now the court says if, thus further entrapped, they let the short period of a year get by, they get nothing for their work. Had the statute not permitted the certificates to be assigned whereby those with the means to wait could take them, and thus allow the teacher to receive her pittance as earned, a stronger contention for the penalty idea might perhaps be presented; but such is not the statute.

Roberds, J., joins in the above dissent.