SOUTHERN PACKAGE CORPORATION *v.* WALTON.

(In Banc.   June 5, 1944.)

[18 So. (2d) 458.   No. 35152.]

**Berger & Berger,** of Port Gibson, and **Chas. F. Engle,** of Natchez, for appellee on motion for final judgment.

788

790

**Henley, Jones & Woodliff,** of Hazlehurst, and **Watkins & Eager,** of Jackson, for appellant in response to motion for final judgment.

**McGehee, J.,** delivered the opinion of the court.

The three questions originally involved for decision on this appeal, together with all of the facts out of which they arose, are fully set forth in the opinion rendered herein on February 15, 1943, reported in 194 Miss. 573, 11 So. (2d) 912. For reasons therein stated, and which would seem to be obvious, we then decided the first of those questions in the negative, declining to expand by judicial construction the meaning of the provisions of the "Fair Labor Standards Act of 1938," 52 Stat. at Large 1060, Title 29 U. S. C. A., Secs. 203(j), 206, 207, and 216(b), any further than had already been done, and leaving such power to be exercised by the Supreme Court of the United States, if such should be deemed to exist. But our decision on the question of whether or not the night watchman came within the protection of said Act under the agreed statement of facts here involved, speaks for itself. For a correct understanding of the two remaining issues to be decided, we now refer the reader to our former opinion, as well as to the one rendered by the Supreme Court of the United States on January 3, 1944, reported in 320 U. S. 540, 64 S. Ct. 320, 321, so as to avoid the necessity of here restating the case.

It is admitted in the briefs of counsel, which have been submitted to us since the cause was remanded, that each of the three stated propositions were thoroughly briefed

and argued on the appeal to the Supreme Court of the United States, but it will be observed from the opinion of the Court that no comment is made either as to whether the cause of action survived the death of the employee, Fred Walton, or was barred at the time the suit was brought by our one-year statute of limitation, Section 2301, Code of 1930 (Section 731, Code of 1942). The case was merely reversed on the ground that we had erroneously held that the employee here involved was not entitled to the benefit of the Fair Labor Standards Act and then remanded for further proceedings in the state court "not inconsistent with this opinion." We must therefore assume that neither of the two questions, which were not reached by us in our decision of February 15, 1943, was deemed by that Court to be federal questions, but that they were left to be decided by this Court under the common law or according to such state statutes as may be deemed applicable.

On the first of these two remaining questions, that is to say, whether or not the cause of action survived the death of the employee, Fred Walton, it is not necessary that we look to the common law, for the reason that the right of his administratrix to prosecute this suit in the state court is controlled by Section 1712, Code 1930 (Section 609, Code 1942), which reads as follows: "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. . . ." This statute is in derogation of the common law, as is likewise Section 1713, Code 1930 (Section 610, Code of 1942), which latter section exempts the estate of a deceased defendant from liability for vindictive damages.

In the case of Wagner v. Gibbs, 80 Miss. 53, 31 So. 434, 92 Am. St. Rep. 598, the court had under consideration Sections 1916 and 1917, Code of 1892, which are the same as said Sections 1712 and 1713, Code of 1930 (Sections 609 and 610, Code of 1942), and held that the estate of a

*deceased plaintiff* may recover exemplary damages of a defendant in a civil action for assaulting and beating his intestate; that the cause of action survives to the administrator under the said Section 1916, Code of 1892, the right to exemplary damages not being withheld as in a case under Section 1917, Code of 1892, providing that exemplary damages cannot be recovered from the administrator of a *deceased wrongdoer.*

Later, the court had under consideration Sections 1834 and 1835, Hemingway's Code of 1927, which are likewise the same as the sections above referred to in the Codes of 1930 and 1942, and held in the case of McNeely v. City of Natchez, 148 Miss. 268, 114 So. 484, that there could be no recovery in an action on a penal statute as against the estate of a *deceased wrongdoer,* quoting, with approval, what had been said in the case of Wagner v. Gibbs, supra, to the effect that the legislature had by the last of the two said sections prohibited a recovery of punitory damages from the estate of a deceased trespasser, but had made no such provision in the first of the said sections as to the case of a *deceased plaintiff*, showing that the legislature had intended a difference, and in which Wagner v. Gibbs case the court had pointed out the reasons why the legislature had made such distinction. And although the court recognized in the McNeely case that the term ''personal action'' as used in these survival statutes was intended to apply in a restricted sense, it was nevertheless held therein that it means an action brought for recovery of personal property, for enforcement of a contract, or for damages for its breach, or for recovery of damages for the commission of an injury to a person or property. Moreover, it is expressly provided by Section 1714, Code 1930 (Section 611, Code 1942), that ''when either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator. . . .''

We are, therefore, of the opinion that the suit here for the recovery of $400 as alleged unpaid overtime compensation, for the additional equal amount of alleged "liquidated damages," and for a reasonable attorney's fee, survived the death of the said employee, Fred Walton.

The judgment of the court below being for the said sum of $400 as unpaid overtime compensation, and an additional equal amount as alleged "liquidated damages," and for the sum of $100 as a reasonable attorney's fee, we now come to the remaining question for decision—whether or not the said judgment, or any part thereof, constitutes a recovery in the nature of a penalty within the meaning of Section 2301, Code 1930 (Section 731, Code 1942), which reads as follows: "All actions and suits for any penalty or forfeiture on any penal statute, brought by any person to whom the penalty or forfeiture is given, in whole or in part, shall be commenced within one year next after the offense was committed, and not after."

This court held in the case of State to Use of Rogers v. Newton, 191 Miss. 611, 3 So. (2d) 816, 818, that "A statute that makes a wrong-doer liable to the person wronged for a fixed sum without reference to the damage inflicted by the commission of the wrong is penal," citing Bank of Hickory v. May, 119 Miss. 239, 80 So. 704; Gulf & S. I. R. Co. v. Laurel Oil & Fertilizer Co., 172 Miss. 630, 158 So. 778, 159 So. 838, 160 So. 564; O'Sullivan v. Felix, 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980; and 25 C. J. 1178, Sec. 72.

In the case of State, to Use of Rogers v. Newton, supra, there was involved Section 14 of Chapter 255 of the Laws of 1936, providing that if any county superintendent of education issued pay certificates illegally, or in excess of the amount of the budget provisions, then such county superintendent and his bondsmen were liable to the holder of such certificates for the face value thereof; and the court there held that the statute imposed a *penalty* within the meaning of Section 2301, Code 1930 (Section 731,

Code 1942), and that the suit was therefore barred by the said statute of limitations.

In the case of Gulf & S. I. R. Co. v. Laurel Oil & Fertilizer Co., supra, there was involved an alleged violation of Section 7092, Code 1930, for an overcharge or discrimination in freight rates, and which statute provides that the party injured may recover of the person or corporation guilty of extortion twice the amount of damages sustained by the overcharge or discrimination, as the case may be, and the court said [172 Miss. 630, 158 So. 784]: "The defendant in the court below, appellant here, pleaded the one-year statute (Code 1930, Sec. 2301) against the 100 per cent. penalty sued for, and the court sustained its application as to that statute, which we think was correct."

But as to the $400 allowed by the judgment in the court below for unpaid overtime compensation, we do not think it is a penalty. The employee actually performed the overtime work for which the Fair Labor Standards Act of 1938 allowed this compensation. Although the employer did not violate the terms of the contract as understood and expressly agreed upon between the parties, nevertheless, the contract had been modified by Sections 206 and 207 of the said Act, which had the effect of writing into the same the requirement that if the employer should work the employee in excess of the specified number of hours a week, the latter would be entitled to receive time and a half for all overtime; hence the failure of the employer to pay the overtime compensation for work thus done, constituted a violation of the provision so written into the contract by said statute.

It is true that the employer did not profit by keeping the night watchman on duty overtime, since two men could have been employed for six hours each for such purpose without the employer incurring liability for extra compensation therefor; but having kept this employee on duty overtime and permitted him to earn the wages that would have otherwise been divided between two persons,

the Act thereupon imposed the liability for overtime wages, and the employer must be deemed to have profited to that extent by withholding the overtime pay from him, after the liability therefor had accrued. If this overtime work had been paid for when due, then the employer would not have been liable for the additional equal amount, that is to say, the employer would not have been penalized at all beyond the contract liability, which included time and one-half time for overtime, written into the contract, as aforesaid, by the statute as compensation for the extra hours of labor actually performed. This Fair Labor Standards Act does not forbid the working of an employee in excess of the maximum hours provided for, but provides that in the event overtime work is performed, the employee shall receive the additional compensation. It in reality bears a substantial relation to the damages that may be sustained by an employee for overtime physical exertion and effort, compensates him therefor, and is not, therefore, a penalty.

But, as to the additional $400 allowed by the court below as alleged "liquidated damages," provided for under the Act without reference to the amount of damages sustained by the employee on account of working overtime, we are of the opinion that the same is, in its essential nature, a penalty imposed against the employer, not for working the employee overtime, but for failure to pay the overtime compensation when due. Ordinarily, the only damages recoverable for failure to pay a sum of money when due is the legal rate of interest thereon. It was said in the case of James Loudon v. Taxing District of Shelby County, 104 U. S. 771, 774, 26 L. Ed. 923, that: "It is sufficient to say that all damages for delay in the payment of money owing upon contract are provided for in the allowance for interest, which is in the nature of damages for withholding money that is due. The law assumes that interest is the measure of all such damages." Also, in the case of New Orleans Insurance Co. v. Rinaldo Piaggio, 16 Wall. 378, 386, 83 U. S. 378, 21

L. Ed. 358, where the suit was on an insurance policy, it was said that: "Damages were claimed by the plaintiff in this case for alleged loss on account of the failure of the defendants to make payment as stipulated in the policies, and it appears by the verdict that the jury awarded to the plaintiff $5000 on that account, in addition to lawful interest. . . . Where a principal sum is to be paid at a specific time, the law implies an agreement to make good the loss arising from a default by the payment of lawful interest." . See also Bixby-Theirson Lbr. Co. v. Evans, 167 Ala. 431, 52 So. 843, 844, 29 L. R. A. (N. S.) 194, 140 Am. St. Rep. 47, where it is said that: "Money, like the staples of commerce, is, in contemplation of law, always in the market and procurable at the lawful rate of interest. For the breach of a contract to pay, the principal with interest is the measure of damages such is the invariable measure in a creditor's action against his debtor. 1 Suth. Dam., Sec. 76."

In Missouri Pacific R. Co. v. Ault, 256 U. S. 554, 41 S. Ct. 593, 597, 65 L. Ed. 1087, an Arkansas statute had provided that if a railroad company should fail to pay an employee his full wages within seven days after discharge, his wages should continue at the same rate until he was paid. The Supreme Court of the United States, speaking through Mr. Justice Brandeis, held that this statute imposed a penalty; that therefore when the Federal government took over the operation of the railroads in 1918 and made itself, by statute, subject to all liabilities of common carriers arising under the state or federal laws or at common law, but not in actions or suits for the recovery of penalties, the employee-plaintiff was not entitled to recover the extra amount sued for. The court used the following language: "The amount recovered in the present case over and above the wages due and unpaid with interest is in the nature of a punishment . . ." Whatever name be applied, the element of punishment clearly predominates, . . ." The Supreme Court of Arkansas had held that it was not tech-

nically a penalty, declaring, "It is allowed for a double purpose,—as a compensation for the delay, and as punishment for the failure to pay." Leap v. St. Louis, I. M. & S. Ry. Co., 58 Ark. 407, 25 S. W. 75, 85, 23 L. R. A. 264, 41 Am. St. Rep. 109. This view of the Arkansas Court was not upheld. Moreover, it is generally held that a statute is penal in character where its controlling purpose is to impose a punishment for the violation of its provisions, and that question is to be determined by the laws of the forum in deciding whether a suit is barred by a statute of limitation against the recovery of penalties.

But it is said that since the Congress in enacting the Fair Labor Standards Act of 1938 assumed to decide the legal question as to whether the additional equal amount to that due for overtime compensation to an employee constitutes liquidated damages instead of a penalty, and because the Supreme Court of the United States in the case of Overnight Motor Transportation Co. v. Missel, 316 U. S. 572, 62 S. Ct. 1216, 1223, 86 L. Ed. 1682, has interpreted the said Fair Labor Standards Act and held that such additional sum constitutes compensation instead of a penalty, we are thereby precluded from holding the same to be a penalty within the meaning of our one-year statute of limitations, Section 2301, Code 1930. But it should be noted that Congress had previously reserved jurisdiction to the federal courts of all cases to enforce penalties under federal statutes, 28 U. S. C. A., Sec. 371, and that by specifically providing under Section 216 of the Fair Labor Standards Act that a suit thereunder might be brought in either a federal or a state court, the Congress evidently designated as "liquidated damages" the additional equal amount allowed therein as a penalty for failure to pay the overtime compensation, because of the existing federal statutes conferring jurisdiction only on the federal court to enforce penalties prescribed by an act of Congress. We prefer to indulge this assumption rather than to conjecture that any member of the Con-

gress thought that it was not in reality a penalty. And, when the Supreme Court of the United States said in Overnight Motor Transportation Company v. Missel, supra, that the "liquidated damages" for failure to pay the overtime and other wages due an employee "are compensation," there was involved the question of whether the Fair Labor Standards Act had any application in favor of the particular employee under the factual situation therein presented and also whether the exaction of the alleged "liquidated damages" violated the due process of law provision of the Federal Constitution, it being there claimed by the defendant that the recovery of the additional amount was sought regardless of the good faith of the employer or the reasonableness of his attitude in failing to pay the overtime wages. The court in holding that the additional amounts sued for "are compensation" stated that "The retention of a workman's pay may well result in damages too obscure and difficult of proof for estimate other than by liquidated damages," citing Atchison T. & S. F. R. Company v. Nichols, 264 U. S. 348, 351, 44 S. Ct. 353, 68 L. Ed. 720, which involved a statute imposing a fixed amount as liquidated damages in favor of relatives for negligently causing the death of a person, and other such cases relating to allowances which sustained some substantial relationship to the damages suffered by the party alleged to be injured. What was there said as above quoted, on the question of whether a penalty was involved in a jurisdictional sense, could have no bearing on a claim such as is involved in the instant case as to this additional $400, if, indeed, it was more than dicta as related to the issues presented for decision in the Overnight Transportation Co. case. Moreover, that suit was brought in a federal court, involved no statute of limitation against the recovery of penalties, and what was there said is not authority except for the proposition that the allowance of the so-called "liquidated damages" does not violate due process.

In the case of Goldstein v. Board of Mississippi Levee Commissioners, 153 Miss. 783, 121 So. 856, 857, the court held that Section 5, Chapter 128, Laws of 1906, authorizing the Board of Levee Commissioners to recover a tax of $10 on each bale of cotton removed from the district without paying the regular tax due thereon was in fact a penalty notwithstanding that the statute designated it as a tax; and the court there said, among other things, that: "The determination of the question whether a statute imposes a penalty is not controlled by the name or designation which the Legislature has given to it, nor by the fact that the legislative act may describe it as a further sum or an additional tax, or simply a tax, if it is yet greatly in excess of the amount of the regular tax and is imposed by reason of the default of the tax debtor. The intrinsic nature of the exaction will control, and it will be regarded as a penalty when by its very nature it is a penalty. 21 R. C. L., p. 210; Helwig v. United States, 188 U. S. 605, 23 S. Ct. 427, 47 L. Ed. 614."

We have hereinbefore stated that the $400 allowed for overtime work actually performed should be deemed to constitute compensation. If it had been paid by the employer when due, as aforesaid, no further liability would have been incurred. But, most assuredly, the additional equal amount is a punishment imposed for the failure to pay the overtime compensation when due, without reference to the damage sustained by the employee by reason of the delay in payment, and is, therefore a penalty, the recovery of which was barred by the one-year statute of limitation, Section 2301, Code 1930, when the suit was brought.

An examination of the former decisions of the Supreme Court of the United States such as Missouri Pacific Railroad v. Ault, supra, Helwig v. United States, supra, and O'Sullivan v. Felix, supra, will disclose that the court had invariably held that the provisions of a statute imposing double damages, as in the case at bar, are in their very nature penal without regard to the designation given

them. And we do not think that the Overnight Transportation Company case is authority to the contrary; especially so in view of the fact that the question of whether a penalty is involved is to be determined by the meaning of that term as it appears in our statute of limitation against the recovery of penalties, as heretofore construed by this court.

As to the allowance of the $100 made by the court below as a reasonable attorney's fee, we are of the opinion that the recovery thereof was not barred by the one-year statute of limitation, Section 2301, Code 1930 (Section 731, Code 1942), against the recovery of any penalty, for the reason that when the employer failed to pay the $400 due as overtime compensation to the employee, it became necessary that the latter should employ an attorney to prosecute his claim therefor, and with the result that he was actually damaged to the extent of a reasonable attorney's fee, because of the denial of liability by the employer for such unpaid overtime compensation, and refusal to pay the same without litigation. Such item bears some substantial relation to the damage sustained by the plaintiff by reason of the defendant's alleged violation of the statute, and was, therefore, not a penalty.

The judgment of the court below will be reversed, and the cause remanded for the proper assessment of the sum due, unless a remittitur to the extent of the $400 penalty imposed for failure of appellant to pay the overtime compensation when due, is entered by the appellee. It is so ordered.

Dissenting Opinion.

**Smith, C. J.**, delivered a dissenting opinion.

The meaning of statutes enacted by this state's legislature is for the determination of this court; and when it construes such a statute, it thereafter means what this court said it does. So, likewise, the meaning of

statutes enacted by Congress is for the determination of the Supreme Court of the United States, and when it construes such a statute it thereafter means what that court said it does.

Paragraph (b) of Section 216, Title 29 of U. S. C. A., provides that: "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

Whether this additional amount to be recovered by the employee is liquidated damages or a penalty is for the determination of the Supreme Court of the United States. In Overnight Motor Transportation Company v. Missel, 316 U. S. 572, 62 S. Ct. 1216, 86 L. Ed. 1682, it became necessary for that court to, and it did, decide that question, holding that this additional amount to be recovered by the employee is liquidated damages, and not a penalty. This holding of the Supreme Court is said not to be binding here, for the reason that it was mere dicta, and moreover, the case the court was then considering did not involve a statute of limitation against the recovery of penalties. The first of these criticisms is answered by an examination of the opinion then rendered, and the second by the fact that this provision of the statute we are considering is, everywhere and always, either liquidated damages or a penalty. It cannot be one thing in one case, and another in another case.

When this case was first decided by this court, 194 Miss. 573, 11 So. (2d) 912, a majority thereof declined to follow, to me, a plain decision of the Supreme Court construing other sections of this statute; and here again the same thing has occurred. Whether I approve or disapprove of a decision of the Supreme Court of the United States on a question within its jurisdiction is of no consequence, for I am bound thereby.

The judgment of the court below should be affirmed.